**GENERAL ACC. FIRE & LIFE ASSUR. CORPORATION, Limited, v. BUTLER'S ICE CREAM FACTORY, Inc., et al. (No. 1952.)** *

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1927. Rehearing Denied Feb. 3, 1927.)

**1. Appeal and error ⬥⟾422—Failure to file written notice of appeal with clerk of court below held not ground for dismissal (Rev. Stat. 1925, art. 2253).**

Failure to file written notice of appeal with clerk of court below, as required by Rev. Stat. 1925, art. 2253, held not ground for dismissing appeal.

**2. Insurance ⬥⟾668(14)—Insurer could not as matter of law, avoid liability under liability policy by insured's failure to give written notice of accident for 53 days, though policy required immediate notice.**

Insured under indemnity policy held not prevented, as matter of law, from recovering against insurance company on account of judgment taken against it for personal injuries by fact that formal written notice of accident was not given until 53 days after accident, though policy called for immediate written notice, where insurer's agent had prior actual no-

tice, and injury to insured as result of delay was not apparent; policy not containing provision that failure to give immediate notice avoided policy.

**3. Appeal and error ⬥⟾750(4)—Court could consider sufficiency of evidence on assignment for refusal to direct verdict, though jury's answers stood, and refusal to set aside special verdict was not assigned.**

In action by insured against liability insurance company on policy, Court of Civil Appeals could consider sufficiency of evidence as to whether notice required by policy had been given, where error was assigned for failure to direct verdict, though answers of jury on special issues were not set aside, and no error was assigned to court's action in refusing to set aside special verdict; assignments being based on failure to give notice as required by policy.

**4. Appeal and error ⬥⟾930(3)—On defendant's failure to request submission of issue, it is presumed entire defense rested on refusal to give peremptory charge.**

Where defendant, after seeking peremptory charge, failed to request submission of issue to jury, it is presumed sole defense was based on failure to give peremptory charge requested.

**5. Insurance ⬥⟾668(14)—Under disputed facts or uncertain inferences, question of immediate notice, required by insurance policy, is for jury.**

"Immediate notice," required by policy of liability insurance to be given insurer, is question for jury, unless facts are undisputed and inferences therefrom certain.

**6. Insurance ⬥⟾668(14)—Whether one insured under liability insurance policy gave insurer reasonable notice of accident held for jury.**

In action by insured on policy of liability insurance, whether insured gave reasonable written notice of accident held issue for jury under facts and circumstances of the case.

**7. Insurance ⬥⟾668(14)—Whether insurer against liability was injured by delay of insured in giving written notice of accident held for jury.**

In action by insured on liability insurance policy, judgment having been recovered against insured, whether insurer suffered loss or injury by reason of delay of insured in giving written notice of accident, required by policy to be given immediately, held for jury.

**8. Insurance ⬥⟾309—Compliance of assured with terms of contract is generally condition precedent to right of recovery.**

Compliance of assured with terms of contract, in absence of statutory provision to the contrary, is generally considered as of essence of contract and condition precedent to right of recovery.

**9. Insurance ⬥⟾146(1)—Contracts of insurance must be construed as whole to determine parties' intent.**

Contracts of insurance must be construed as a whole in arriving at manifest intent of parties, as in case of other contracts.

---

⬥⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 30, 1927.

10. Insurance ⊕539(3)—"Immediate notice" of accident, under liability policy, means only notice which is reasonable under circumstances.

"Immediate notice" of accident, required to be given by terms of liability insurance policy, does not mean instantaneous notice, but only notice given within reasonable time, in view of all circumstances of particular case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediate Notice.]

11. Insurance ⊕662(1)—Where defense of insurer against liability was that notice of accident was not immediately given, whether delay prejudiced insurer's rights held material, under evidence.

In action on policy of liability insurance, where defense was that insured had not given immediate notice of accident, as required by policy, though written notice had in fact been given 53 days after accident, and actual notice received earlier, whether delay in giving notice prevented insurer from making any defense or preserving any substantial right *held* material.

12. Trial ⊕351(2)—Language of issue, if unsatisfactory, must be remedied by submitting revised charge.

Where phraseology of special issue presented to jury is not satisfactory, objecting party is required to tender charge submitting its view as to language of issue.

13. Insurance ⊕666 — Rendering judgment against liability insurer in excess of amount actually paid by insured under judgment, which amount policy made limit of recovery, held not error, where insurer refused to conduct insured's defense.

In action on policy of liability insurance after judgment had been entered against insured in action for injuries, rendering judgment against insurer in excess of amount which insured had actually paid in satisfaction of judgment against him *held* not error, despite provision in policy that insurer should be liable only for actual amount of money paid by insured in satisfaction of judgment, where insurer refused to conduct defense of suit on policy on ground that notice of accident given 53 days thereafter was not given immediately, as required by policy.

14. Insurance ⊕666—Judgment against liability insurance company divided between insured, against whom judgment had been recovered, and assignees of policy, held not double recovery, where not exceeding amount of judgment against insured.

In suit by insured and assignees of policy against insurer, based on judgment against insured for personal injuries, judgment against liability insurance company splitting recovery among insured and assignees one of whom was plaintiff in injury suit, according to amount insured had actually paid under judgment, without prejudice to insured's right to recover such amounts as he might pay in further satisfaction of former judgment, *held* not double recovery against insurer, where total judgment did not exceed amount of former judgment against insured.

15. Insurance ⊕512—Contract of indemnity in liability policy attaches when happening of event covered by policy makes assured potentially liable.

Policy of liability insurance is indemnity against loss and liability, which attaches as soon as assured becomes potentially liable by reason of happening of some event covered by policy creating possible liability against assured.

16. Insurance ⊕514½, New, vol. 11A Key-No. Series—After refusal to defend suit, insurer against liability could not demand insured's compliance with contract.

Refusal of insurer against liability to defend suit against insured, on ground that notice of accident had not been given immediately, put end to insurer's right to demand compliance by insured with terms of contract.

17. Appeal and error ⊕930(2)—Trial ⊕133(2)—Statement of counsel referring to particular issue submitted held not ground for reversal, in view of instruction that counsel's argument should not be considered with reference to effect of answers, as it is presumed that jury obeyed instruction.

In action by assured on policy of liability insurance, statement of counsel that insurer was trying to get out of performing contract, and only way it could do so was by proving it was not given notice, *held* not ground for reversal, though referring to issue submitted to jury, in view of court's instruction not to consider statement with reference to effect of their answers; it being assumed that jury observed instruction of court.

18. Insurance ⊕665(7)—Jury's finding that insurer was not injured by delay in giving written notice of accident held sustained by evidence, in action on liability policy.

In action on policy of liability insurance, answer of jury to special issue that insurer was not prevented from making any defense or preserving any substantial right by reason of assured's failure to notify him of accident before actual receipt of notice *held* sustained by evidence.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the Butler's Ice Cream Factory, Inc., against the General Accident Fire & Life Assurance Corporation, Limited, in which the United States Fidelity & Guaranty Company and Mrs. Ruth Hays, individually and as guardian, intervened. Judgment for plaintiff and interveners, and defendant appeals. Affirmed.

E. C. Markel, of Philadelphia, Pa., and Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

R. A. D. Morton, C. W. Croom, and A. W. Norcop, all of El Paso, for appellees.

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALTHALL, J. Butler's Ice Cream Factory, Inc., plaintiff in the trial court and referred to hereafter as plaintiff appellee, brought this suit against defendant, General Accident Fire & Life Assurance Corporation, Limited, on an automobile indemnity insurance policy theretofore issued by it to plaintiff appellee covering a number of delivery trucks used by plaintiff in its business, one of which trucks while driven by an employee of plaintiff was alleged to have injured one George Hays in an accident, resulting in his death.

Mrs. Ruth Hays, individually and as next friend of the minor children, naming them, of the marriage of herself and George Hays, had secured a judgment for $5,000 and costs because of said injury to Hays, against Butler's Ice Cream Factory, Inc., based on its common-law liability, whereupon it brought this suit against defendant upon the theory that defendant was liable to it on its said policy of insurance.

During the progress of the trial it appeared that plaintiff appellee, in the matter of the former suit referred to and as security for an unpaid balance, had assigned the said insurance policy and cause of action, reduced to judgment, to Mrs. Ruth Hays, individually and as guardian, together with the United States Fidelity & Guaranty Company, all of whom intervened in this suit as parties plaintiff. Defendant, appellant here, based its principal defense on the theory that notice of the accident as called for in the policy had not been given it by plaintiff appellee.

The trial court in this suit based on a special verdict, rendered judgment against defendant in favor of interveners United States Fidelity & Guaranty Company and Mrs. Ruth Hays, individually and as guardian, in the sum of $1,522.50, and in favor of plaintiff, Butler's Ice Cream Factory, for $1,522.50, with interest thereon as to both amounts from November 10, 1925, when that amount shall be paid by defendant to interveners; and further adjudging that plaintiff appellee recover of defendant the additional sum of $2,477.50, with interest from November 10, 1925, at the time and in the amounts that plaintiff appellee shall thereafter pay to Mrs. Ruth Hays in satisfaction of said previous judgment secured by her against plaintiff, and referred to as cause number 25746. It was further ordered that the judgment in this case be without prejudice to plaintiff appellee or interveners to thereafter prosecute their cause of action for such amount or amounts as may be paid by or for plaintiff appellee in satisfaction of the judgment in said cause (No. 25746) and without prejudice to any rights the plaintiff or interveners may have by reason of any future satisfaction, in whole or in part, of the judgment in said cause No. 25746.

Defendant challenges the correctness of this judgment both in its entirety and in its several provisions, and seeks to have it reviewed in this court.

In view of some of the points presented, it might be well to further state that this case was tried with a jury and submitted upon special issues. On special issues submitted the jury found:

(1) The defendant was not prevented from making any defense or preserving any substantial right by reason of the failure of the assured to notify it of the accident between the time of the accident and the time when it received notice of the accident.

(2) The defendant first had notice of the accident resulting in the injury to Hays within 30 days from the date of the accident.

(3) The defendant was notified by plaintiff of the accident to Hays within a reasonable time under all of the facts and circustances.

Judgment as above was entered on motion of plaintiff and interveners.

## Opinion.

[1] Mrs. Ruth Hays, individually and as guardian of the minor children, moves the court to dismiss this appeal on the ground that this case was tried below after article 2253, Revised Civil Statutes 1925, became effective, and that appellant did not give notice of appeal as provided in said article, in that appellant did not file any written notice of appeal with the clerk of the court below, as is manifest from the transcript of the record. Appellee's motion to dismiss for want of proper notice of appeal is overruled for the reason stated in A., T. & S. F. Ry. Co. v. Hix, 291 S. W. 281, recently decided by this court.

[2] The policy of insurance upon which this suit is brought contains a provision as follows:

"D. *Notice of Accidents.* The assured shall give immediate written notice of any accident, irrespective of whether any personal injury or property damage is apparent at the time and like notice of any claim and for suit resulting therefrom, and such notice, together with every summons or other process, must be forwarded to the home office of the corporation or to its authorized representative."

Appellant pleaded the above provision of the policy and at the close of the evidence moved for an instructed verdict, and also requested a peremptory charge in its favor, and now, by its proposition, submits that the evidence shows that appellee wholly failed to give to appellant such notice of the injury to Hays, and that the court should have directed a verdict for appellant. Appellees alleged that appellant and its agents, naming them, had immediate actual knowledge during the month of December, 1924, of the accident occurring to Hays, and after receiving such notice had opportunity to investigate such accident, and proceeded to and did make full and complete investigation of said accident in

co-operation with plaintiff appellee, its agents, and employees, and that after appellants' said agents learned of such accident, plaintiff appellee complied with all requests and demands of appellant with reference to formal notice when forms were supplied by appellant for such notice, and that in December, 1924, and in January, 1925, did give the formal written notice of the accident, and within 90 days from the time of the accident, and that by reason thereof appellant is now estopped to deny that notice was given.

[3] Appellees object to a consideration of appellants' above proposition on the grounds, first, that the case was submitted upon special issues, and the answers of the jury thereon, not having been set aside, are conclusive as between the parties as to the facts found, though the verdict is contrary to the undisputed evidence; second, that appellant, having failed to assign error to the action of the court in refusing to set aside the special verdict, it cannot now complain of the judgment on the ground that the findings are unsupported by the evidence.

Appellant, however, under its above proposition, refers to its assignments assigning error to the overruling of its motion for a directed verdict in its favor made immediately following the close of the evidence. The record discloses that appellant submitted a requested charge instructing the jury to return a verdict in its favor, which charge the court refused to give. The assignments, as indicated by their verbiage, are based on the theory that the evidence conclusively shows that plaintiff appellee wholly failed to give to appellant immediate notice of the accident in which George Hays received his injuries resulting in his death, within the meaning of the provision in the policy of insurance with reference to such notice. We have concluded that the proposition is germain to and expressive of the point made in the several assignments, and should be considered by this court. The point we will consider is: Was the trial court in error in refusing to give the requested charge directing a verdict for appellant, in view of the provision in the policy as to notice that the assured shall give immediate written notice of any accident to the home office of the appellant or to any of its authorized representatives?

The record discloses a formal written notice of the accident was given. The date thereon is January 15, 1925, following the accident to George Hays on November 22, 1924. Another date of December 30, 1924, is also noted on the same written notice of the accident. The notice is manifestly on a form furnished and used by appellant in making report of accident. The written report of the accident was made out by M. P. Conley, adjuster of appellant, during the month of December, 1924, and the months of January and February, 1925. Henry B. Stone was the lo-cal policy-writing agent of appellant, and was the representative of appellant in that capacity during the months above stated.

J. R. Butler, president and general manager of plaintiff, appellee company, testified: Heard of the accident by telephone from Polo Alvarez, the driver of the truck, shortly after it happened, and went to place of the accident immediately. Went to the police station where Hays had been carried and was then on the operating table. As soon as he went back to his office he asked Mr. Morehead, the office man, to notify H. B. Stone of the accident. Morehead called up Stone's office over the telephone. It was Saturday afternoon, and no one answered. Talked with Conley over the telephone; Conley called and asked whether there had ever been a report made of the accident; sent Dixon (who had succeeded Morehead) to Conley's office, and put Dixon in charge of getting up the formal notice; thinks the time was anywhere from the 15th to the 20th of December, 1924.

Henry B. Stone testified that it was between the 10th and 15th of January, 1925, when he received information of the accident, and that was orally from Conley. Conley testified: From correspondence he had with his company it was on December 30, 1924, that he got the first information he had of the accident. Witness' first information was from C. F. Saunders. Then he made an effort to find out what he could about it. He went to Stone's office and made inquiry whether appellant had such a policy. After talking with Stone he found that appellant had such liability insurance, and asked Stone if an accident notice had been made out to the company; Stone said no, and they all got busy to get information. He got in touch with Dixon on the day following the day he had his first information; that was the day when the notice (put in evidence) was made out. It was on December 30, 1924, when he first put any writing on that report. About all he had filled out of the report was the policy number and the assured, and what information he had gotten from the police department traffic officer who investigated the accident. Alvarez had left the employment of the plaintiff appellee and could not be found. The report was finally completed on January 15, 1925; that was the date on which Alvarez was produced so he could sign the statement. Dixon brought him to witness' office. Alvarez was the driver of the truck in the accident. Appellant got all the information it wanted at that date; witness then sent the statement for Mr. Butler in to the Houston office of appellant. On December 30th witness wrote in the date, the name of the driver, and what information he had from the assured, and then waited until he could get hold of Alvarez; then he finished it and Alvarez signed it. It was longer than two weeks before Alvarez was located. Witness got the name of the

driver of the other car in the accident (Guauck) from the police report, but waited to see Guauck until about January 15th, after he had seen Alvarez. Witness indicated in the written statement what parts he had filled out before seeing Alvarez and that after seeing him. In testifying to dates, witness relied on the date appearing on the notice, December 30, 1924, and the letter written to his principal. He had no independent recollection of dates. Witness had no information of the accident to give to his company earlier than January 15, 1925, other than the name of the assured and the policy number. The whole delay was in getting Alvarez. Mr. Butler got Alvarez to witness' office at the request of witness, and witness waited for the coming of Alvarez before doing anything else.

C. F. Saunders testified: Is in the insurance business with A. P. Coles & Bros., and was in December, 1924. The accident to Hays happened about November 20th, and he got it about the next day after it happened. Shortly after that witness was in Conley's office and told him that one of his trucks had hit Hays and that his company had the compensation on it. Conley told witness at that time he had not a report and would have to wait until he got the information. Witness saw Conley several times between the time of the accident and December 23d. His conference with Conley was in December, before the 23d. They were discussing the Hays accident: "Sure he (Conley) knew at that time his company was on it."

The jury found, as stated, that appellant first had notice of the accident resulting in the injury to Hays within 30 days from the accident. That notice, however, was a verbal notice.

It is apparent from the above statements from the witnesses that, after receiving information of the accident, appellant, through its local representatives in connection with the plaintiff appellee, commenced to gather such information as they could, inserting same in the formal written statement as the information was gotten, beginning not latter than December 30, 1924, and finally ending the statement on January 15, 1925. According to some of the witnesses, appellant commenced to gather the information much earlier than the 30th of December, but did not conclude the investigation until the statement of Alvarez, the driver of the plaintiff appellee's truck in the accident, could be secured. Alvarez had left the employment of plaintiff immediately on the happening of the accident and his whereabouts were not known. It is also apparent from the record that appellant undertook for itself to prepare the formal written notice and embrace therein, on a form of notice of its own, all of the information it desired and much more extensive than notice of the mere fact that an accident had occurred.

We reach the conclusion that the statement of January 15, 1925, prepared as stated, and, as said by the witness Conley, forwarded by himself to the Texas home office of appellant, for plaintiff appellee, was the formal written notice of the accident called for in the policy, and given 53 days after the accident. This brings us to the question of error contended for by appellant, the failure of the trial court to give the requested special charge directing the verdict for appellant, on the ground that the assured did not give immediate written notice of the accident.

[4] The court did not otherwise than stated submit to the jury the issue as to whether assured gave to appellant immediate written notice of the accident, nor did appellant request that such issue be submitted. It must be presumed that appellant did not desire that the issue be submitted and was satisfied to rest the whole question of its defense upon the issue of error, solely, as a matter of law, in not giving the requested peremptory charge.

In Maryland Casualty Co. v. W. C. Robertson (Tex. Civ. App.) 194 S. W. 1140, where a similar notice as here was required, it is said that the delay, if any, shown, should constitute no defense to the action, since it appears that the plaintiff in error received notice in time to make a full investigation, and it did not appear that it had suffered any loss or injury by reason of the delay, and referred to Hope Spoke Co. v. Maryland Casualty Co., 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A, 268.

[5-10] The peremptory charge requested, had it been given, would have precluded all other issues as well of fact, as of law. "Immediate notice" is a question of law only when the facts are undisputed and the inferences certain, but, when the facts are disputed or the inferences uncertain, it is a question for the jury. 14 R. C. L. p. 1329, par. 502, and cases in note 2. As to what was a reasonable time for giving the written notice, under all the facts and circumstances, discussed more fully later, was an issue to be determined, and we think, under the facts and circumstances, was one for the jury. It was also an issue of fact to be determined by the jury as to whether appellant suffered loss or injury by reason of the delay in getting the written notice. It is true, as contended by appellant, that the terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show itself to be within its terms. A compliance of the assured with the terms of the contract it has made, in the absence of statutory provision to the contrary, is generally considered as of the essence of the contract and a condition precedent to its right of recovery. It has often been held also that the failure to comply with the time provision as to notice does not avoid the policy in the absence of a stipulation in the policy to that ef-

fect. We find no such stipulation in the policy in the instant case. Again, here the formal written notice of the accident and the proofs therein contained, prepared as above stated, were received and accepted by appellant as the notice required, and contends only that the notice was not given immediately after the accident. The construction of contracts of insurance, as of other contracts, must, however, be construed as a whole in arriving at the manifest intent of the parties. Here it becomes a pertinent inquiry in the construction of the policy as to what was meant by its provision that the assured should give to the insurer immediate notice of the accident. The expression "immediate notice" does not mean that the notice shall be instantaneous, but only that it shall be given within such time as is reasonable in view of all the circumstances of the particular case. 1 C. J. pp. 474 and 475, and cases cited; 14 R. C. L. pp. 1328 and 1329, § 502; Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 22 S. Ct. 833, 46 L. Ed. 1193; Southern Casualty Co. v. Laundry (Tex. Civ. App.) 266 S. W. 804; Maryland Casualty Co. v. W. C. Robertson & Co. (Tex. Civ. App.) 194 S. W. 1140, in which a writ of error was refused.

[11] Appellant made no objection to the submission of any of the issues. We think, under the facts and circumstances disclosed by the record, it was proper to inquire whether appellant was prevented from making any defense or preserving any substantial right it had, by reason of its not having written notice of the accident between the time of the accident and the time it had the required notice. There is some controversy in the evidence as to when Conley and Stone had actual notice of the accident. The evidence shows that plaintiff made an effort to communicate the happening of the accident to appellant very shortly after the accident occurred, but failed to get appellant's office at that time, and that Alvarez, the driver of plaintiff appellee's car at the time of the accident, quit plaintiff's service immediately after the accident. It was some days thereafter before Alvarez could be found, but he was found by plaintiff appellee and his statement taken and incorporated in the written statement prepared by appellant's adjuster. But, according to the testimony of the witnesses Butler, Dixon, and Saunders, appellant had actual knowledge of the accident from early in December, and not later than the 22d or 23d of December, and according to Dixon, plaintiff appellee's employee, he in the meantime found Alvarez, and went with him to appellant's office, and that he and Alvarez then gave all the information either had to Conley, and that Conley asked for no further information. Conley, on receiving information of the accident, went to the office of Mr. Stone and inquired of him whether the accident notice had been made, and, finding that it had not, said: "We all got busy to get some information." It might be further stated that Conley testified he had all the information the police department traffic report gave of the accident, the name of the man injured, and the name of the driver of the other car in the accident and his address, and talked with him. The jury found that under all the facts and circumstances plaintiff appellee notified appellant of the accident within a reasonable time. Under the authorities above cited that was a fact for the jury to determine in order for the court to pass upon the question of law as to the notice to be given under the terms of the policy.

[12] What we have said above in considering the proposition under discussion is sufficient answer to some other propositions presented. If the phraseology of the issue presented to the jury was not satisfactory to appellant, as suggesed, it should have made such suggestion to the trial court, and have tendered a charge submitting its view. We are of the opinion that the facts submitted are sufficiently pleaded and the evidence is such as to justify the submission of the issue. The pleading is that plaintiff duly performed all the conditions of the policy. The issues of waiver and estoppel pleaded were not submitted to the jury, nor were requested to be submitted. Appellant suggested that they were thereby waived. There is nothing in the record to show that the issue of waiver or estoppel was passed upon by the judge, as insisted by appellant under one of its propositions, but, if the court considered such as issues, but there is nothing in the record to show that appellant was not content to have the judge rather than the jury decide the issues not submitted.

The policy of insurance upon which this suit is based contains this provision:

"E. *Right of Action.* No action shall lie against the corporation to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid by him in money in satisfaction of a judgment after trial of the issue."

[13, 14] Appellant assigns error to the rendition of the judgment for any sum in excess of $1,522.50 because the evidence shows that plaintiff appellee had paid not exceeding that amount to interveners of the judgment in the former suit (No. 25746), styled Ruth Hays et al. v. Butler's Ice Cream Factory. In that suit Ruth Hays, individually and as guardian of the minor children, obtained a judgment against Butler's Ice Cream Factory for $5,000, and costs of suit, including attorney fees of $500, and apportioned the amount of $5,000 between Ruth Hays, individually and as guardian, and the United States Fidelity & Guaranty Company $2,500 each. On the trial of the instant suit it was disclosed that plaintiff appellee had paid in satisfaction of the former judgment an amount not exceeding

$1,522.50, and of the amount paid $1,000 was paid on the principal sum of the judgment, $500 paid on the attorney fees, and $22.50 paid as costs. The judgment in the instant case was for the sum of $5,522.50. Interveners are given judgment for $1,522.50, with interest from the date of payment, and apportioned one-half to each, and made a credit and satisfaction pro tanto upon the said former judgment; further, that plaintiff appellee have judgment against appellant for $1,-522.50, with interest, when that amount shall be paid by appellant to interveners; further, that plaintiff appellee have judgment for $2,-477.50, with interest, at the time and in the amounts that plaintiff appellee shall thereafter pay in satisfaction of said former judgment; further, that interveners have a lien for $2,477.50 upon the judgment in favor of plaintiff appellee and the amounts paid thereon by appellant; further, that the judgment rendered be without prejudice to all appellees to thereafter prosecute their cause of action for such amounts as may be paid by or for plaintiff appellee in satisfaction of said former judgment and without prejudice to any rights any or all appellees may have by reason of any satisfaction, in whole or in part, of said former judgment.

Appellant excepted to the judgment, and here assigns error insisting that the above quotation from the policy is valid, and that by reason of said quoted provision it was beyond the power of the trial court to render judgment in excess of the amount of loss actually sustained and paid by plaintiff appellee, viz. $1,522.50, and that the amount of the judgment rendered is necessarily a double recovery.

[15] The policy is a contract of indemnity against loss and liability and attaches as soon as the assured becomes potentially liable for a loss by reason of the happening of some event covered by the policy which has created possible liability against the assured.

Without quoting the words of the policy, appellant agreed therein to indemnify the assured, plaintiff appellee, against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries, including death to any person, accidentally suffered or alleged to have been suffered, while the policy is in force by reason of the use of the automobile described, and to defend, in the name and on behalf of the assured, any suit, even if groundless, brought against the assured to recover damages on account of such accident as is covered under the policy, and to pay, irrespective of the limits of liability mentioned, all costs taxed against the assured. The record discloses that appellant disclaimed any liability on account of the alleged failure of the assured to give immediate written notice of the accident in the use of its automobile, resulting in the death of Hays. For the death of Hays, the assured was sued for damages and judgment rendered as hereinbefore stated, and of said judgment and costs assured had paid the amounts stated.

[16] It seems to us, as said by Mr. Justice Holmes in St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U. S. 173, 26 S. Ct. 400, 50 L. Ed. 712, that the refusal of appellant to defend the suit of Mrs. Hays and others against plaintiff appellee cut at the very root of the mutual obligations in the policy contract, and put an end to appellant's right to demand compliance with the terms of the contract, on the other side. By appellant's refusal to defend it put the plaintiff appellee in its place with all its rights.

[17] Many cases from our own courts we have examined establish the rule against appellant's contention. Continental Paper Bag Co. et al. v. Bosworth (Tex. Com. App.) 276 S. W. 170, and cases cited. We need not review them. We think appellees were entitled to recover the full amount of the judgment rendered against plaintiff appellee in the Hays and other suit, regardless of whether any amount of the judgment had been actually paid. We fail to see any double rendition of judgment. The full amount of the judgment rendered in the instant suit does not exceed the amount of the judgment in the Hays suit with the costs added.

The sixth point is not well taken, as the record shows that plaintiff appellee's assignment to interveners was to secure them in the payment of their judgment against it. Here their claim and the claim of plaintiff appellee were both due and unpaid.

[18] One of counsel for appellees, in his argument to the jury, said that defendant was trying to get out of performing its contract, and the only way it could do so was by proving to the jury that it was not given notice and that its rights were prejudiced thereby. On exception to the argument, the court, in writing, instructed the jury, in substance, that they were not concerned with the effect of their answers, and not to consider the argument of counsel with reference to the effect of their answers. While the argument of counsel referred to a particular issue, in view of the court's charge, we have concluded that the matter presents no reversible error. The issue referred to is supported by the evidence and there is nothing in the record that impels a different conclusion. Under the facts disclosed by the record we must conclude that the jury observed the instruction of the court. Galveston, H. & S. A. Ry. Co. v. Harling (Tex. Com. App.) 260 S. W. 1016; Thetford v. Modern Woodmen of America (Tex. Civ. App.) 273 S. W. 666; Ware v. Jones et al. (Tex. Com. App.) 242 S. W. 1022; Brown v. Perez, 89 Tex. 282, 34 S. W. 725.

We have carefully reviewed the assignments and propositions thereunder, and have come to the conclusion that no reversible error is presented by the record.

The case is affirmed.