## UNIVERSAL AUTOMOBILE INS. CO. v. CULBERSON et al.

### No. 1281.

Court of Civil Appeals of Texas. Waco.

Nov. 10, 1932.

Rehearing Denied Dec. 15, 1932.

See, also, 51 S.W.(2d) 1071.

T. R. Mears, of Gatesville, and McClellan, Lincoln & Williams, of Waco, for appellant.

R. B. Cross and Robt. W. Brown, both of Gatesville, for appellees.

BARCUS, J.:

In March, 1930, appellant issued an automobile accident insurance policy payable to appellee Culberson, under the terms of which it agreed to pay damages not to exceed $5,000 to any one person, or $10,000 as the result of any one accident for bodily injuries to persons riding in appellee's car, and agreed to investigate all accidents covered by the policy and employ attorneys to represent Culberson in all suits brought and pay all judgments rendered against Culberson not to exceed the limit provided for in the policy, and, in addition, to pay all costs and expenses incurred by Culberson in defending the suits. The policy further provided that, if any accident occurred, the assured, Culberson, would give immediate written notice thereof to appellant, and, in case suit was filed, would, upon request of appellant, aid in effecting a settlement and in securing information and evidence and prosecute appeals and at all times render all possible co-operation and assistance, and would not assume any liability or incur any expense or settle any claim without appellant's written consent. The policy further provided, "No suit or action on the policy * * * shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the requirements hereof." Shortly after the policy was issued, while Culberson's daughter was driving the car, she had an accident in which appellee Miss Witt, a passenger therein, was injured. Miss Witt instituted suit in cause No. 4330 in the district court of Coryell county to recover about $5,700 alleged damages. Appellant was notified thereof, and through its attorneys filed answer for Culberson, took depositions, and made preparations for trial. When the cause was called for trial, Miss Witt dismissed same. Thereafter at a subsequent term of court Miss Witt instituted suit in Coryell county against Culberson and appellant jointly for $25,000 damages. Appellant filed pleas of abatement, claiming it was improperly joined by Miss Witt in said suit. The trial court overruled these pleas and set the cause for trial for August 3d during the following term of court. Appellant also filed answer for Culberson. A controversy arose between Culberson and appellant as to the kind of defense to make to Miss Witt's joint cause of action against them, and appellant notified Culberson on July 24th that their interests would conflict and that it would not represent him in said litigation, and suggested to him that, if he desired attorneys to represent him, he must employ counsel of his own choosing. Culberson then employed counsel to represent him, and said counsel filed answer. On August 1st, two days before the case was set for trial, Miss Witt dismissed her suit as against appellant and elected to prosecute same against Culberson only. Appellant then notified Culberson that, since it was no longer a defendant in the case, it would assume and take over the defense of Miss Witt's suit, provided Culberson would permit and would co-operate with it. Culberson then refused to permit appellant to take charge of the defense of said suit, and refused to permit the company to represent him in any way.

The cause proceeded to trial before the court without a jury, and resulted in judgment being rendered in favor of Miss Witt against Culberson for $10,536.88 and costs.

Thereafter Culberson instituted this suit against appellant to recover the total amount of said judgment, together with $750 attorney's fees and interest and costs. Miss Witt intervened in this cause, asking judgment against the company for $5,536.88.

Appellant answered the suit and plea of intervention with very voluminous pleadings, contending, in effect, that Miss Witt could not be properly joined here as plaintiff or intervener. It further contended that it was not liable to either Culberson or Miss Witt because of the failure of Culberson to co-operate with it in the defense of the suit brought by Miss Witt and because of Culberson's failure to permit it to defend said cause. Appellant alleged certain affirmative defenses which it claimed it was entitled to urge against the right of Miss Witt to recover and which it alleged would have defeated her recovery against Culberson if he had properly urged same. Culberson's contention was and is that appellant is liable for the total amount of the judgment because prior to the time the original judgment was rendered he had an offer to settle the entire claim for $4,500, and that, through the negligence and refusal of appellant to settle same, she obtained the larger judgment against it. The trial court overruled the pleas in abatement, and, in response to exceptions urged by appellees, struck out all of appellant's answer which raised the issue or question of the validity or binding effect of the judgment rendered in favor of Miss Witt against Culberson or that prevented Miss Witt from recovering from appellant the $5,000, together with her doctor bill, interest, and expenses, and only permitted that portion of the answer of appellant to remain which raised the question as to whether appellant was negligent in failing to settle the claim of Miss Witt for $4,500 prior to the time the judgment was rendered. That issue was submitted to the jury, and it found appellant was negligent, and the court entered judgment against appellant in favor of Miss Witt for $5,178.30 and in favor of Culberson against appellant for $6,452.96.

Opinion.

■ Appellant contends that the trial court erroneously struck all of his defensive matters relative to the judgment as rendered in favor of Miss Witt against Culberson and its binding effect upon it. We sustain this contention. Under the provisions of the policy, Culberson was obligated to co-operate with appellant in preventing any judgment being rendered against him in the suit brought by Miss Witt. If, as a matter of fact, as was alleged by appellant, Culberson failed and refused to render any co-operation and failed and refused to permit appellant to make any defense, and took a position antagonistic and hurtful to appellant, and thereby prevented appellant from making an orderly and legal defense to the suit brought by Miss Witt

against Culberson, same constituted such a breach of the contract as would prevent a recovery thereon. Edward Coleman v. New Amsterdam Casualty Co., 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1443, and notes and authorities thereunder. Whether Culberson was guilty of the acts and conduct charged against him by appellant, were issues of fact. The right of appellant to have the co-operation and support on the part of Culberson in the defense of any suit brought for alleged damages covered by said policy was a valuable right, and constituted a valuable consideration passing to appellant for the issuance thereof, and Culberson could not as a matter of law deliberately and willfully fail and refuse to comply with said provisions and then require appellant to pay any judgment that might be rendered against him.

■ Appellees contend that, if the trial court erroneously struck out the pleadings of appellant, it was harmless error, for the reason that appellant was permitted to introduce all of its testimony on said issues. While the record reveals the fact that a large amount of testimony was offered relating to the issues raised by the pleadings that had been stricken out, evidently the trial court admitted said testimony only for the purpose of enabling the jury to determine the answer it would give to the issue submitted. This is clearly manifest since the trial court only submitted the one issue to the jury and in its rulings on exceptions, as well as on the admissibility of evidence, it stated that no other issue would be submitted to the jury for its determination.

■ Appellant's contention that Miss Witt was improperly permitted to intervene in the suit is, we think, without merit. If, as a matter of law, she has a valid binding judgment against Culberson for which appellant is liable, she could bring an independent suit or could intervene in the suit which he (Culberson) brought. Pickens v. Seaton (Tex. Civ. App.) 51 S.W.(2d) 1050, and authorities there cited.

■■ We also overrule appellant's contention that appellee Culberson could not maintain a suit against it until and unless he had paid the judgment rendered against him in favor of Miss Witt. If Miss Witt has obtained a valid judgment against Culberson and if appellant was permitted to and did undertake the defense of the suit brought by Miss Witt, then it was not necessary for him to pay said judgment before instituting the suit against appellant. American Indemnity Co. v. Fellbaum (Tex. Civ. App.) 225 S. W. 873; Id., 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633; General Accident Fire & Life Assur. Corp. v. Butler's Ice Cream Factory (Tex. Civ. App.) 291 S. W. 674; Id. (Tex. Com. App.) 5 S.W.(2d) 976. If the claim of Miss Witt could have been settled for less than the amount called for in the policy prior to the time the judgment was rendered,

# Page 1063

and if appellant, with knowledge of said fact, negligently failed and refused to settle said claim, then it would be liable to Culberson for the total amount of the judgment recovered by Miss Witt, and he would not be required to actually pay same before bringing suit. Stowers Furniture Co. v. American Indemnity Co. (Tex. Com. App.) 15 S.W.(2d) 544, 545.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.