Tom Helm, Jr., by T. C. Helm, His Next Friend, v. Inter-Insurance Exchange for the Automobile Club of Missouri, Appellant.— No. 39743.—192 S. W. (2d) 417.

Court en Banc, February 11, 1946.

*Arthur W. Allen, Seiler, Blanchard & Van Fleet* and *Moser, Marsalek & Dearing* for appellant.

*Norman & Foulke* for respondent.

TIPTON, J.—Upon application of appellant we ordered the Springfield Court of Appeals to transfer to this Court the case of Tom

Helm, Jr., by T. C. Helm, His Next Friend, vs. Inter-Insurance Exchange for the Automobile Club of Missouri, reported in 189 S. W. (2d) 422, so that we could review the decision of that court which reversed and remanded for new trial a judgment obtained by plaintiff against defendant in the circuit court of Jasper County.

Throughout this opinion respondent will be referred to as plaintiff and appellant as defendant.

This is an action to recover damages for the withdrawal of defendant's attorneys from the defense of actions against plaintiff for damages resulting from an automobile accident.

On the night of November 18, 1937, plaintiff with another young man and two young girls, including Pauline Toles, were proceeding in an automobile of T. C. Helm, plaintiff's father, about eight miles north of Joplin, Missouri, when the automobile, driven by plaintiff, overturned and all of the young people were more or less shaken up and injured.

T. C. Helm owned the automobile here involved, and defendant issued to him its policy of liability insurance, in force at the time of the accident. As alleged in plaintiff's petition, defendant "did contract to insure said T. C. Helm, or any member of his household, from direct loss or expense arising or resulting from claims upon the said T. C. Helm, or any member of his household, by reason of the ownership or maintenance of the automobile hereinbefore described and the operation thereof while in use by said T. C. Helm, or any member of his household, for business or pleasure purposes, to an amount not exceeding five thousand dollars ($5,000.00) for bodily injuries or death to one person in any one accident, and ten thousand dollars ($10,000.00) for bodily injuries or death to two or more persons in any one accident, in the event said bodily injuries or death were accidently suffered or alleged to have been suffered by any person or persons as a result of an accident occurring while this policy is in force, and in addition said Inter-Insurance Exchange for the Automobile Club of Missouri, by the terms of its said contract, among other things, agreed to investigate all accidents covered by the policy and to defend all actions against the insured at its own expense in the name and on behalf of the insured, whether groundless or not, and to pay all costs taxed against the insured in any legal proceeding arising out of an accident covered by this policy, and to pay any judgment obtained against the insured and accrued interest or any such judgment rendered in connection therewith, not in excess of the policy limits, after entry of judgment to date of payment."

Plaintiff is a son of T. C. Helm and a member of his household, and, therefore, covered according to the terms of the policy if within the terms of said contract of insurance, but plaintiff was only fifteen years of age at the time of the accident. The insurance policy, according to Sec. J (a) of the policy, did not apply "while being

driven by any person under the age limit fixed by law, or if no age limit fixed by law, under the age of sixteen (16) years."

Defendant was duly notified of the accident and undertook an investigation of it through its attorneys, Grover James and Robert E. Seiler. On November 19, Seiler went to the home of plaintiff and discussed the accident with him. He was asked his age and plaintiff replied, "I am 16 years old and will be 17 on January 20, 1938." Seiler prepared plaintiff's statement, setting out the facts related to him, which statement was signed by plaintiff.

Later a damage suit was filed by Pauline Toles against plaintiff for injuries she received in the automobile accident; also her parents filed a loss of service action against plaintiff. Seiler, in cooperation with Grover James, took the necessary steps for the investigation and defense of these suits. The Pauline Toles case was set for trial in the Jasper County circuit court at Carthage on November 29, 1939. In the meantime, Grover James died and shortly before trial Frank Birkhead was retained to assist Seiler in the defense of these two cases. On the date the Pauline·Toles case was set both parties announced ready for trial. During the voir dire examination of the jury, Kelsey Norman, attorney for Pauline Toles, asked plaintiff his age and either plaintiff or his father stated he was seventeen, which showed that plaintiff was only fifteen years of age when the automobile accident occurred. The voir dire examination of the jury was completed at noon and the court took a recess until 1:15 P. M. During the recess, the attorneys for defendant ascertained that plaintiff was born in Kansas. They called the State Board of Health at Topeka, Kansas, and found out that plaintiff was only fifteen years of age at the time of the automobile accident. They then called the home office of defendant at St. Louis and were instructed to prepare a reservation of rights agreement to be signed by plaintiff and his father, and if they refused to sign it to withdraw from the case. The attorneys returned to the court room and told plaintiff and his father that plaintiff was not sixteen years of age at the time of the automobile accident and they could not continue in the case unless the reservation of rights agreement was signed. This they refused to do upon the advice of Roy Coyne who had been employed during the noon recess by plaintiff to defend or assist in defending the Pauline Toles case. Birkhead and Seiler explained the circumestance to the court and with leave of court withdrew from the case. Defendant's testimony was to the effect that it then offered its files of the case to plaintiff, but plaintiff's testimony was that the offer was made the next day.

The Pauline Toles trial was concluded the following day and resulted in a judgment against plaintiff in the sum of $2,000.00. Birkhead and Seiler also withdrew from the parents' case and according to plaintiff's testimony it was settled for $2,000.00 The jury in the

present case returned a verdict for $6,000.00 damages against defendant but the judgment was reduced by remittitur to $5,092.00.

Defendant contends· that its demurrer to the evidence should have been sustained for the reason that under the terms of the policy a person of fifteen years of age was not covered; that it withdrew promptly from the Toles cases when it learned for the first time plaintiff was fifteen years of age at the time of the automobile accident; and that its conduct in handling the defenses in the Toles cases was such that it could not be said to be estopped from ascertaining its rights under the policy.

It is frankly conceded by plaintiff that he was only fifteen years of age at the time of the accident but he contends that under his petition he is not asserting that defendant's liability is one under the policy of insurance but, rather, one in tort. With this we agree.

Plaintiff's position as stated in his brief is ''that, regardless of the reason under which the appellant [defendant] in this case assumed the control and defense of the respondent's [plaintiff's] causes of action, that it became and was its duty, after having assumed that right, not to abandon plaintiff at a critical time when such abandonment might cause serious damage to respondent's [plaintiff's] rights. The gist of the cause of action is the manner in which, and the time when, the appellant withdrew from the defense of respondent's [plaintiff's] law suits.''

For a definition of a tort both plaintiff and defendant rely upon our recent case of Lowery v. Kansas City, 337 Mo. 47, 85 S. W. (2d) 104, l. c. 110, wherein we said:

''A fundamental test of whether one person has a cause of action in tort against another is: Did the person, sought to be held liable, owe to the person, seeking to recover, any duty, to do something he did not do, or not to do something he did do? If so, his failure to do what he ought to have done or his doing what he ought not to have done constitutes a legal wrong, whether it be intentional or merely negligent, for which the person injured thereby can recover, except where his own fault is a contributing cause.''

In discussing the circumstance under which a tort action which grew out of a contract may be maintained, we said:

''An obligation may, likewise, be assumed by contract, out of which may arise a duty to others than the other party to the contract. For review of cases, see note, 38 A. L. R. 403, 487-505. 'Though a tort is a breach of a duty which the law in distinction from a mere contract has imposed, yet the imposing of it may have been because of a contract or because of it and something else combining, when otherwise it would not have created the duty,' but breach of contract may only 'be treated as a tort . . . where the law casts its separate obligation.' Bishop, Non-Contract Law, 30, 31, Secs. 73-76; 1 Cooley on Torts, 168, Sec. 60; Pollock on Torts, 535, 644; 62 C. J. 1099, Sec. 13;

26 R. C. L. 758, Sec. 4, p. 768, Sec. 17. That is the kind of a case which plaintiff now argues was made here, but plaintiff to recover upon that theory must show, not merely that defendant assumed an obligation under the contract, but that out of that obligation there arose a duty to her.''

Plaintiff contends that the failure of defendant to perform its obligation under the contract of insurance gives rise to his tort action, that is, defendant's refusal to continue with the defense of the Toles case.

It is true that under the contract of insurance issued by defendant to T. C. Helm it assumed an obligation to defend any action against T. C. Helm or any member of his family sixteen years of age growing out of the operation of T. C. Helm's automobile, but as was said in the case of Lowery v. Kansas City, supra, "*plaintiff to recover upon that theory must show, not merely that defendant assumed an obligation under the contract, but that out of that obligation there arose a duty to her.*" Since plaintiff was only fifteen years of age at the time of the automobile accident there arose no obligation of defendant under the contract of insurance to defend the Toles cases.

It is plaintiff's theory of this case that defendant's tort liability grew out of the contract of insurance coupled with the fact that defendant took charge of the defense of the Toles cases and then abandoned that defense after the trial started. Defendant took charge of the defense in those cases after plaintiff represented to it that he was sixteen years of age and would be seventeen the following January. There is nothing in the record that would cause defendant to doubt plaintiff's statement. Defendant had a right to rely on that statement. Attorneys Seiler and Birkhead learned during the voir dire examination of the jury for the first time that there was some doubt as to plaintiff's age, and their investigation during the noon recess disclosed for the first time that he was not covered by the policy. Under the decisions of the courts of this state there was a strong probability that defendant would be held to have been estopped to deny liability under the policy if it continued with the defense. (See cases later discussed.) As attorneys Seiler and Birkhead represented both this plaintiff and this defendant in the Toles cases, it would have been unprofessional conduct on their part to continue with the defense of these cases because of conflict of interest between this plaintiff and this defendant. See sub-section 6 of Rule 35 of Supreme Court Rules, 350 Mo. viii. That was no doubt the opinion of the trial court as he gave these attorneys leave to withdraw.

We have examined the authorities relied on by plaintiff to sustain his theory of a tort liability but they do not sustain him. We will discuss some of them.

Plaintiff relies chiefly upon the Kansas City Court of Appeals case of Fairbanks Canning Company v. London Guaranty & Accident Com-

pany, 154 Mo. App. 327, 133 S. W. 664. The action in that case was for indemnity alleged to be due plaintiff by reason of damages paid to one of its employees for an injury received by him. Defendant remained in charge of the defense of the suit against assured after it had knowledge of facts putting it upon inquiry with respect to a defense under its policy. Defendant took the deposition of the injured party and then learned that he was only fourteen years of age. Defendant contended that this fact was a complete bar to its insured's claim on the policy. That court said, ''It is conceded it would be, but for its conduct, which plaintiff designates as a waiver of such defense, or as an election on its part to regard the policy as binding.'' In that case the insurer continued to represent the insured three months after it learned that there were grave doubts as to the injured employee's age. The court held that defendant had made an election to assume liability under the policy and it should be prevented from afterwards changing its position. That case does not support plaintiff's theory of this case. In the first place, it was not a tort action, and further, in this case defendant withdrew from the defense of the Toles cases immediately after it learned the correct age of plaintiff.

The case of Rieger v. London Guarantee & Accident Co., 202 Mo. App. 184, 215 S. W. 920, was an action upon a policy of employer's liability insurance. The defense was that the injured employee was not covered for the reason that the amount paid to this employee as salary was not included in the amount upon which the premium for the policy was based. Shortly after the date of the accident causing injury to this employee, defendant made a complete investigation, yet continued in control of the defense of the damage suit until the eve of trial almost a year after the accident. Under these facts the court held that defendant was estopped to deny liability under the policy. This is not in point under the facts and theory of liability in this case.

The cases of Royle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104, 103 S. W. 1098, and Cowell v. Employers' Indemnity Corp., 326 Mo. 1103, 34 S. W. (2d) 705, involve the same principle that was involved in the Fairbanks and Rieger cases; consequently, they are not in point.

The case of McDaniels v. General Ins. Co., 36 Pac. (Cal.) 829, was a suit to collect a judgment against one of defendant's insured for negligent operation of insured's automobile. Defendant's attorneys tried to get the insured to appear and cooperate in the damage suit but he refused to do so. Plaintiff contended that since defendant continued with the defense of this damage suit, it waived the non-cooperation clause. The court held that before defendant's attorney could withdraw from the suit he would have to comply with the Code of Civil Procedure which required leave of court after notice to the insured, which notice could not be given because the insured could not be found; therefore, there was no waiver of the provision of the policy.

This case is not in point because it was not a tort action but rather, in our opinion, supports defendant's theory of the case.

From what we have said, it follows that the trial court erred in not sustaining defendant's demurrer, and the judgment of the trial court should be reversed. It is so ordered. All concur, except *Douglas, J.,* absent.