HOWLAND v. LOCAL UNION 306, UAW-CIO.

1. INJUNCTION—INTERFERENCE WITH EMPLOYMENT—LABOR UNION.
   Plaintiff, a member of defendant labor union, had no occasion for injunctive relief from interference with his employment with his employer after the union had notified the employer of his eligibility for employment, cancelling original notice that he, as a union member, was in default to the union.

2. APPEAL AND ERROR—CHANGE OF THEORY—PLEADINGS—TRIAL.
   A defendant may not change the theory of its defense on appeal to a theory directly to the contrary to the theory of its pleadings and as maintained at the trial below.

REFERENCES FOR POINTS IN HEADNOTES
[2] 3 Am Jur, Appeal and Error § 830.
[3] 4 Am Jur, Associations and Clubs §§ 46–49; 31 Am Jur, Labor § 310.
[4] 3 Am Jur, Appeal and Error §§ 603, 821.
[6, 7] 3 Am Jur, Appeal and Error § 1128; 53 Am Jur, Trial § 525.
[11] 31 Am Jur, Labor § 296.

3. PARTIES—ASSOCIATIONS—LABOR UNIONS—TORTS.

Unincorporated labor unions are suable as voluntary associations upon process served upon their principal officers for torts committed by the unions against members.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORD—ARGUMENT TO JURY.

Claimed error in argument to jury will not be considered on appeal, where neither the argument nor any ruling thereon is set forth in the record.

5. TRADE UNIONS—INTERFERENCE WITH EMPLOYMENT—VERDICTS—EVIDENCE.

Verdict for plaintiff, a member of defendant labor union being sued for interference in plaintiff's employment relation, was supported by evidence showing facts and circumstances of plaintiff's discharge, his inability to obtain like employment until he was reinstated and the amount of damages he sustained.

6. APPEAL AND ERROR—REFUSAL TO GIVE MISLEADING REQUEST TO CHARGE—RECORD.

Refusal to give defendant labor union's request to charge that there was no testimony proving that it had done anything which prevented plaintiff from obtaining employment after it refused plaintiff's tender of payment of dues in default was proper, where such charge would have been misleading under the record presented.

7. TRIAL—MISLEADING REQUEST TO CHARGE.

It is not error on the part of a trial judge to refuse to give a request to charge that would be misleading if given.

8. APPEAL AND ERROR—INSTRUCTIONS—DAMAGES.

Instructions as to elements and law of damages in member's action against union for interference with his employment relation *held*, complete and correct.

9. SAME—INSTRUCTIONS—DAMAGES—VERDICTS.

Defendant may not complain of trial court's instruction to jury which first returned a verdict of $5,931.66 that recovery was limited to $5,000.

10. SAME—CROSS APPEAL—QUESTIONS REVIEWABLE.

Propriety of trial court's refusal to accept a verdict for more than $5,000 is not discussed, where, although damages in ex-

cess of $5,000 had been pleaded in the *ad damnum* clause of the declaration, plaintiff took no cross appeal.

11. TRADE UNIONS—OFFICERS—JUDGMENT—ACTION BY FINANCIAL SECRETARY.

Judgment against 2 officers of defendant union, a voluntary association, is set aside in action by member against such officers, the union and its financial secretary, where the action taken on behalf of the union on which plaintiff relies, was taken solely by defendant financial secretary.        :.. .

12. COSTS—EACH PARTY PREVAILING ONLY IN PART.

No costs are allowed upon affirmance of judgment .as to 2 defendants and reversal as to 2 others where latter 2 had joined defendant union in a common appeal and the ·appellants and appellee have each prevailed only in part.

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 7, 1951. (Docket No. 45, Calendar No. 45,096.) Decided December 3, 1951.

Bill by Clarence W. A. Howland against Local Union 306, UAW-CIO and others to restrain interference with employment and damages. Case transferred to law side of the court. Verdict and judgment for plaintiff. Defendants appeal. Reversed as to defendants Schmidt and Coffman, otherwise affirmed.

*Dee Edwards,* for plaintiff.

*Rothe, Marston, Edwards & Bohn,* for defendants.

BOYLES, J. This case was started by a bill of complaint filed by the plaintiff March 3, 1948, seeking to enjoin the union and its officers from interfering with the plaintiff's employment by the Budd Company of Detroit, and to recover losses claimed to have been suffered by reason of unlawful acts of the defendants depriving plaintiff of such employment. The bill of complaint was dismissed by the

circuit judge on defendants' motion on the ground that equity would not have jurisdiction until plaintiff had exhausted the remedies provided in the constitution and bylaws of the union. On appeal this Court set aside the order of dismissal and remanded the case for further proceedings, holding that the bill of complaint stated a cause of action. *Howland v. Local Union 306, UAW-CIO*, 323 Mich 305.

On February 14, 1949, after this Court had set aside the dismissal and remanded the case, plaintiff filed an amended bill of complaint amplifying the allegations to include subsequent events and seeking similar relief.

Plaintiff's claim was and still is that the defendant union and its officers had wrongfully injured the plaintiff by causing his discharge from said employment thereby depriving him of employment from December 17, 1947, until re-employed by the Budd Company February 23, 1949. After the filing of an answer and a reply thereto, the case came on for trial in the circuit court for Wayne county, November 8, 1950, at which time, on the plaintiff's motion, the case was transferred from the chancery to the law side of the court for trial by jury. The plaintiff at that time had no reason for continuing to seek injunctive relief inasmuch as on February 21, 1949, the defendants had in effect notified the Budd Company that plaintiff was eligible for employment, cancelling their original notice that the plaintiff as a union member was in default to the union. Thereupon plaintiff was promptly re-employed by the Budd Company, and obviously there was no occasion for the plaintiff thereafter to have injunctive relief. On jury trial, plaintiff had verdict and judgment for $5,000 and the defendants appeal.

Plaintiff had paid membership fee and initial dues to the union but soon defaulted in payments. On February 9, 1948, plaintiff tendered the union the

full amount of money which the plaintiff then owed. This is admitted by the defendants and no question is raised as to the legality of such tender. However, it was refused. Approximately a year after such tender, the union made a recheck and a further examination of the situation as it stood on December 12, 1947, at which time the union had notified the Budd Company that plaintiff was not eligible for employment under the contract between that company and the union. As a result of such re-examination defendant Lavey, the financial secretary of the union, apparently concluded that the union had made a mistake in depriving the plaintiff of employment, in effect conceding that the plaintiff was eligible for employment, and notified the Budd Company to that effect. As a consequence, on February 21, 1949, Budd Company notified Mr. Howland to report for reinstatement, and he was reinstated on February 23d.

Appellants now claim on this appeal that inasmuch as the plaintiff claimed to be a member of the union, a voluntary unincorporated association, he cannot maintain an action against the union by reason of the alleged tort committed by the officers of the union which resulted in plaintiff's discharge and subsequent loss of employment. Obviously, the defendants overlook the fact that such a position now taken by the defendants on this appeal is exactly contrary to the position taken by the defendants in their pleadings and at the trial bleow. On February 21, 1949, the defendant Lavey, for the union, had notified the Budd Company as follows:

"Please be advised that as of very recent date, we have discovered that Mr. Clarence Howland had made application for membership to Local Union 306, UAW-CIO, fraudulently and not in good faith. As a consequence thereof, we are constrained to advise you that Mr. Clarence Howland is not now, and in view of the misrepresentations made by him,

was not at any time a member of Local Union 306, UAW-CIO.

"We wish to advise that Local Union 306, UAW-CIO, cannot and does not regard Mr. Howland as ever having been at any time, or being now, a member, and any references made to Mr. Howland in our letter of December 12, 1947, to you may be disregarded.

"Very truly yours,

"s/ John Lavey

"John Lavey, Financial Sec'y.

"Local Union 306, UAW-CIO"

(Said letter of December 12, 1947, had notified the Budd Company that plaintiff member was delinquent, thus causing his discharge.)

Thus the defendants, in their answer, and at the trial, expressly claimed that plaintiff was *not* a member of the union, relying on the letter attached to their answer as an exhibit. Defendants cannot now change the theory of their defense by claiming that the plaintiff, *as a member* of the union, an unincorporated voluntary association, cannot maintain suit against the association. *Marshall* v. *Heselschwerdt,* 304 Mich 664; *Ludwig* v. *Nordman,* 313 Mich 31.

Furthermore, as previously pointed out, this Court held in *Howland* v. *Local Union 306, UAW-CIO, supra,* that plaintiff's bill of complaint stated a cause of action against the union. The union, as such, may be made a party defendant.

"Whenever any unincorporated voluntary association, club or society, shall be formed in this State or shall conduct or transact business in this State or shall maintain an office or place of business in this State, composed of 5 members or more, having some distinguishing name, actions at law or in chancery may be brought by or against such association, club or society, by the name by which it is known." CL 1948, § 612.12 (Stat Ann § 27.664).

Federal courts have consistently followed the rule anounced in 1922 in *United Mine Workers of America* v. *Coronado Coal Co.*, 259 US 344 (42 S Ct 570, 66 L ed 975, 27 ALR 762), as follows (syllabus):

"Unincorporated labor unions, such as the United Mine Workers of America, and its district and local branches, impleaded in this case, recognized as distinct entities by numerous acts of Congress, as well as by the laws and decisions of many States, are suable as such in the Federal courts upon process served on their principal officers, for the torts committed by them in strikes; and their strike-funds are subject to execution."

Appellants seek reversal because of claimed error in the argument of plaintiff's counsel before the jury. Neither the claimed argument nor any ruling thereon is set forth in the record, therefore, will not be considered. Nor is there any merit in appellants' contention that the verdict of the jury was not "supported by the evidence." The facts and circumstances of plaintiff's discharge, his inability to obtain like employment until he was reinstated, and the amount of damages sustained by him by reason thereof, were questions of fact to be submitted to the jury. From the evidence and the inferences which might properly be drawn therefrom the jury could and did find for the plaintiff.

Appellants claim 3 errors in charging the jury. The court read to the jury the appellants' requests to charge, but refused to charge the jury, "that there has been no testimony from this witness stand proving or tending to prove that the union committed any acts which prevented plaintiff from obtaining employment with the Budd Company from and after February 5, 1948." This would have been misleading and the refusal to give it was proper. Appellants also claim error in instructing the jury regarding the

elements. of damages. The instructions were complete and the court correctly instructed the jury as to the elements and the law of damages. The court refused to accept the jury's first verdict amounting to $5,931.66 and instructed the jurors that recovery was limited to $5,000, although it was a fact that damages in excess of $5,000 had been pleaded in the *ad damnum* clause of the declaration. However, the *defendants* are not in a position to complain of the action taken by the court in refusing to receive the first verdict, in excess of $5,000. While this question might have been raised here by the plaintiff, no cross appeal has been taken.

Appellants claim that the judgment cannot be allowed to stand as against the defendants Lloyd Coffman and Richard L. Schmidt named as individual defendants. The record fully establishes that the action taken on behalf of the union on which the plaintiff relies was taken solely by John Lavey, its financial secretary. There is no proof in the record that either Lloyd Coffman or Richard L. Schmidt as individuals ever took any part whatever in the entire matter. The only connection which they had at any time was merely in the fact that they were officers in the union. Neither of them in any way participated in the claimed wrongful acts of Lavey. Judgment will be set aside as to defendants Coffman and Schmidt for entry of a judgment of no cause for action as to them, without costs.

Other questions do not control the result. The case will be remanded for affirmance of the judgment in favor of the plaintiff against the defendants Local Union 306 and Lavey, and for entry of judgment of no cause for action as to defendants Coffman and Schmidt. No costs allowed, appellants Coffman and Schmidt having joined defendant union in a common appeal on the same record and briefs, and the appellants and appellee each having prevailed

only in part. See *Buskirk* v. *Ide* (syllabus 10), 302 Mich 154.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.