Sidney Albert GOINS, Appellant,

v.

MISSOURI PACIFIC SYSTEM FEDERATION OF MAINTENANCE OF WAY EMPLOYEE UNION, and L. V. Foster, Appellees.

No. 16018.

United States Court of Appeals
Eighth Circuit.

Dec. 9, 1959.

Rehearing Denied Jan. 11, 1960.

Richard F. Moll, St. Louis, Mo. (George L. Hayes, Jr., Shreveport, La., Walther, Barnard, Cloyd & Timm, and Walter F. Timm, St. Louis, Mo., on the brief), for appellant.

Donald W. Fisher, Toledo, Ohio (T. Jackson Case, Case, Voyles & Case, St. Louis, Mo., and Mulholland, Robie & Hickey, Washington, D. C., on the brief), for appellees.

Before GARDNER and VOGEL, Circuit Judges, and MICKELSON, District Judge.

MICKELSON, District Judge.

This is an action at law for money damages against an unincorporated association and against L. V. Foster, as General Chairman of the association, as a representative of the members thereof as a class. We will refer to the parties herein as they were designated below.

Plaintiff, Goins, is a member and former officer of an unincorporated association known as the Missouri Pacific System Federation of the Brotherhood of the Maintenance of Way Employees, although it is inaccurately styled in the caption as the "Missouri Pacific System Federation of the Maintenance of Way Employee Union". We shall hereinafter refer to that association, which is the only significant defendant or appellee in the case, as the "System Federation".

As a member of the System Federation, Goins was and is a member of the parent union with which the System Federation is affiliated, namely, the Brotherhood of Maintenance of Way Employees, hereinafter referred to as the "Brotherhood", and he also belongs to Local Lodge No. 1404, another affiliate of the Brotherhood. Goins held the elective office with the System Federation of "Assistant General Chairman", and it was for a term of four years with a salary of $667.00 per month. He became the incumbent of the office on January 1, 1953, and his term would have expired on January 1, 1957. He did not serve the full term of the office, however, because the General Chairman of the System Federation, who was its chief executive officer, removed him from office on May 31, 1956. His removal was with the approval or sanction of the System Federation executive board. He asserts in his petition that his removal from office was "without cause" and that he was "wrongfully discharged" and by this action sought to recover a money judgment against the System Federation equivalent to the full salary or compensation for the remainder of the unexpired term which he claims he was prevented from completing. His total claim of damages is $4,669.00.

He commenced this action July 24, 1957, and prior to the amendment of Sec. 1332(a) of Title 28 U.S.C.A., which increased the jurisdictional requirements from $3000 to $10,000.

Goins made no attempt to exhaust any of the remedies available to him under the System Federation by-laws or the constitution and by-laws of the Brotherhood.

The defendants filed a motion for summary judgment, supported by the affidavits of Lon V. Foster, General Chairman of the System Federation, and T. C. Carroll, Chief Executive Officer of the Brotherhood, on two grounds, to-wit:

"1. The plaintiff may not maintain suit against the defendants for damages for alleged wrongful discharge because as appears from the affidavit of defendant, Foster, (Exhibit A), he is still a member of defendant, Missouri Pacific System Federation of the Brotherhood of Maintenance of Way Employees, an unincorporated association, and, as such, is suing his co-principals and himself for alleged misconduct of their common agents.

"2. The plaintiff has failed to avail himself of and exhaust the internal contractual remedies pro-

vided under the Constitution and By-Laws of defendant, Missouri Pacific System Federation of the Brotherhood of Maintenance of Way Employees and under the Constitution and By-Laws of The Brotherhood of Maintenance of Way Employees, an unincorporated association with which defendants are affiliated."

The district court, in sustaining the defendants' motion for summary judgment, entered the following findings and judgment:

"The cause is presented before this Court upon the Petition of plaintiff and defendants' Motion for Summary Judgment and Affidavits attached. The cause came on for hearing before the Court upon the Motion for Summary Judgment and the matter was passed for the filing of memoranda and briefs of counsel; same having been filed and the Court now being fully advised in the premises, doth find as follows:

"The Court finds that plaintiff was, during the time set forth in his Complaint and at the time of the filing thereof and that he still is, a member in good standing of the defendant Federation; that defendant Federation is a union of employees associated and unincorporated for the mutual benefit of all its members.

"The Court further finds that plaintiff was one of the officers of said Federation and that his suit is based upon a claim for being wrongfully removed from office and for compensation he should have received for the remainder of his unexpired term; that issues of procedure in his removal are presented and while the majority view of courts in this country is that court action may be instituted for breach of contract, even though appeal of the action of the union is provided in the by-laws, when the union has violated its own procedural rules, yet such issue is immaterial to the determination of this cause in view of the plaintiff's status as a member of the defendant Federation.

"Therefore, it is found by the Court that the plaintiff does not have legal capacity to sue for the reason that his suit is against the Federation itself and of which he is a member and, thus, is in the position of attempting to sue himself; and for this reason the Motion for Summary Judgment should be sustained.

"Wherefore, it is ordered, adjudged and decreed that defendant's Motion for Summary Judgment under Federal Rules of Civil Procedure No. 56 [28 U.S.C.A.], be and the same is hereby sustained and upon the pleadings, judgment herein is granted for the defendant and against the plaintiff.

"Costs herein are taxed against the plaintiff."

It is from the entry of this summary judgment that plaintiff appeals.

In the light of the findings and judgment of the district court, it appears that the sole issue on this appeal is whether the court below correctly held that the plaintiff lacked the capacity to sue the defendant unincorporated association of which he is a member in an action at law for damages for the alleged wrongful misconduct of its agents, since he is suing himself and his co-principals for the illegal acts of their common agents. We think the findings and judgment of the district court were correct.

It appears to be well established that a member of an unincorporated association cannot maintain an action at law for damages against the association for the alleged wrongful misconduct of its agents, since he would be in effect suing himself and his co-principals for the illegal acts of their common agents. The case of Marchitto v. Central R. Co. of N. J., 1952, 9 N.J. 456, 88 A.2d 851, 856, involved a railroad employee who claimed he was laid off in violation of his seniority rights under a collective

agreement between the railroad and his union. Both the railroad and the union were sued. The court dismissed his cause of action against the union on the specific ground that the plaintiff as a union member could not sue the union because he would be suing his co-principals for the wrongful acts of his and their common agents. There, the court stated:

"In legal effect the plaintiff and every other member of the brotherhood are co-principals joined together in a joint enterprise to accomplish a common purpose with their relationships to each other and to the group being governed by the association's constitution and by-laws or rules adopted pursuant thereto, and by the common law. As a member of the group the plaintiff is jointly responsible with all other members for the actions of the group itself, and accordingly as a principal he has no cause of action against his co-principals for the wrongful conduct of their common agent."

In the case of Atkinson v. Thompson, Tex.Civ.App., 1958, 311 S.W.2d 250, 254, the plaintiff, a member of the defendant unions, sued a carrier and the defendant unions for damages because of his discharge and loss and denial of his rights of seniority. In sustaining the ruling of the trial court that the plaintiff could not sue the labor unions, the court stated:

"A Brotherhood can, of course, be sued in the firm name, but in such case the judgment affects all the members as to their property in the Brotherhood. The real reason appellant cannot sue for the wrongful act of the agent of the Brotherhood is that as a member of the Brotherhood he is jointly responsible with all other members for the actions of the group itself, and accordingly as a principal he has no cause of action against co-principals for the wrongful conduct of a common agent." (Additional authorities cited therein.)

See also Kordewick v. Brotherhood of Railroad Trainmen, 7 Cir., 1950, 181 F. 2d 963; Howland v. Local Union 306, UAW–CIO, 331 Mich. 644, 50 N.W.2d 186.

Plaintiff has cited a number of decisions purporting to demonstrate that a member of an unincorporated labor union can sue the union at law for damages as an entity in its association name. Cason v. Glass Bottle Blowers Association, 1951, 37 Cal.App. 163, 231 P.2d 6; Armstrong v. Duffy, Ohio App., 103 N.E.2d 760 (1951); Barnhart v. United Auto, Aircraft, Agr. Implement Workers Union, 1951, 12 N.J.Super. 147, 79 A.2d 88; Streib v. International Brotherhood of Boiler Makers, Mo.App., 1934, 67 S.W. 2d 806; Webster v. Rankins, Mo.App., 1932, 50 S.W.2d 746; Rodier v. Huddell, 1931, 232 App.Div. 531, 250 N.Y.S. 336; Hall v. Morrin, Mo.App., 1927, 293 S.W. 435; Local Union No. 65 of Amalgamated Sheet Metal Workers' International Alliance v. Nalty, 6 Cir., 1925, 7 F.2d 100; Rueb v. Rehder, 1918, 24 N.M. 534, 174 P. 992. We have carefully reviewed these decisions and note that either the issue of incapacity to sue because of a co-principalship relation between plaintiff and labor union was not raised, or the courts involved did not pass upon such issue. In all but two of the cases cited by plaintiff (Streib and Nalty), some type of equitable relief was sought, either by a union member against other specified members or by expelled or suspended members against the union or all members of the union as a class. *In none of the cases cited had a union member in good standing brought suit against his union in its association name or against all other members as a class.* In Cason, Barnhart, Armstrong, Rodier and Rueb, an expelled or suspended union member sought equitable relief either against the union itself or all its members as a class. In Hall, a suspended member sought equitable relief against several union executives only. In Webster, several union members sought equitable relief against certain other members. In a

few of the above cases monetary damages were awarded, but this was incidental to the primary equitable relief sought. In Streib, an expelled union member sued the union at law for damages but was not a union member at the time of suit. In Nalty, the plaintiff, a member of a Pittsburgh Local Union, moved to Cleveland and requested transfer of his membership to the Cleveland local union as provided by the constitution and by-laws of the national or parent union. His request for transfer was granted by the Pittsburgh Local, and he was given a transfer card. He presented his card to an officer of the Cleveland Local for the purpose of identifying himself with the organization in that city, and with the expectation of procuring work as a union man. The application was referred to the executive committee, which refused to admit him to membership. Plaintiff brought suit against the Cleveland Local. True, the action was at law for damages, and no equitable relief was sought. However, this case merely states the general rule that one who has been wrongfully suspended or expelled from an association may abandon his claim to membership and resort to an action for damages for the wrong done. See 4 Am.Jur., Associations and Clubs, Sec. 32, p. 476; 62 A.L.R. 315. Nalty lends no support to the plaintiff here for the reason that Nalty was not a member of the union he was suing for damages, while in the instant case the plaintiff was a member in good standing of the defendant System Federation.

Plaintiff urges that Marchitto, Atkinson, and Brotherhood of R. R. Trainmen v. Allen, Tex.Civ.App., 1950, 230 S.W. 2d 325, being actions sounding in tort, are not in point insofar as the instant case is concerned, because he contends this is an action arising out of contract. It is plaintiff's theory that the constitution and by-laws of the System Federation under which plaintiff held the office of Assistant General Chairman constituted a contract between the plaintiff and the System Federation. Plaintiff cites no cases, and we have found none which makes any distinction between actions brought by a member against his unincorporated association or union at law for damages whether ex-delicto or ex-contractu. Furthermore, here plaintiff asserts in his petition that his removal from office was "without cause", and that he was "wrongfully discharged", and the trial court so found. This would indicate to us that this action is one sounding more nearly in tort than in contract. See Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956, certiorari denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577; Helm v. Inter-Ins. Exchange for Auto Club of Mo., 354 Mo. 935, 192 S.W.2d 417, 167 A.L.R. 238, 86 C.J.S. Torts § 3, p. 924. In any event, it seems logical and reasonable that the rule, that a member of an unincorporated association cannot maintain an action *at law for damages* against the association for the alleged wrongful misconduct of its agents, since he would be in effect suing himself and his co-principals for the illegal acts of their common agent, would apply whether the action was one arising out of tort or contract.

While we reach the conclusion that the plaintiff may not maintain his present action, this does not say that he is remediless, for as was pointed out in Atkinson, a principal may always sue his agent for misconduct. See also, 2 Am.Jur., Agency, Sec. 281, p. 224.

The second ground of defendant's motion for summary judgment was that plaintiff has failed to avail himself of, and exhaust the internal remedies provided under the constitution and by-laws of the System Federation and Brotherhood. Because we have reached the conclusions herein expressed, that plaintiff cannot maintain this action for the reasons hereinbefore set forth under the first ground of defendant's motion, a discussion of the second ground is unnecessary and would unduly extend this opinion.

Affirmed.