## DOTSCHAY v. NATIONAL MUTUAL INS. CO.
## OF THE DISTRICT OF COLUMBIA.
Nos. 60-4931, 60-2908.

Civil Court of Record, Dade County.

September 23, 1960.

Ehrich & Zuckerman, Miami, for plaintiff.

Fowler, White, Gillen, Humkey & Trenam, Miami, for defendant.

HAL P. DEKLE, Judge.

Plaintiff moves for summary judgment. Defendant moves for judgment on the pleadings. The question of liability here appears to be solely a question of law to be decided by summary judgment one way or the other.

The litigation out of which these cases arise goes back to 1951 when a personal injury action was filed against plaintiff which was defended by this defendant under its liability policy issued to this plaintiff. That case culminated in 1953 in a jury verdict and judgment against this plaintiff for $75,000, which was $50,-000 in excess of coverage. No appeal was taken, the policy limits were paid and in 1955 plaintiff filed his complaint in the circuit court of Dade County which was transferred to the U. S. district court for the southern district of Florida, #6318-M-Civil, in which plaintiff sought to recover from his liability insurance carrier, the present defendant, for the excess above his policy limits, alleging bad faith and negligence in failing to settle the personal injury claim. At the time the case was heard in the U. S. district court, no part of the excess of the judgment had been paid by plaintiff and that court, the Honorable Emett C. Choate, Judge, held with the minority view that no recovery could be had until actual payment by plaintiff was made, commenting that otherwise he might collect and not pay the judgment creditor.

The district court case was dismissed without prejudice as to this plaintiff and an appeal followed in which one of the assignments of error argued by both sides on appeal was this question of the necessity of payment as a prerequisite to recovery. On June 10, 1957 the court of appeals, fifth circuit, reversed on other grounds and without reference to this question, Dotschay v. National Mutual Insurance Co. of District of Columbia, 246 Fed. 2d 221.

Thereafter, upon hearing in the district court regarding repleader as ordered in the reversal, the district court at plaintiff's instance considered the complaint as one for declaratory decree and found the rights of the plaintiff to be as follows — "That the plaintiff, Nick Dotschay, individually shall have a cause of action in the event that he pay all or any part of the judgment owed by him to the use plaintiff, Olympia Alphonso." (Judgment creditor.)

This order was entered December 11, 1957, and no appeal therefrom was taken. Thereafter plaintiff paid his judgment creditor $300 and sued for its recovery together with attorney's fees in the civil court of record, Dade County, #58-3352. Trial thereof as a non-jury case was had and decided favorably to the plaintiff by this court. Appeal of the judgment was affirmed without opinion, National Mutual Ins. Co. of District of Columbia v. Nick Dotschay, District Court of Appeal, Third District, 118 So. 2d 680.

Now plaintiff files these two further actions alleging subsequent payments on the judgment and seeks recovery therefor and

attorney's fees. Defendant argues (1) that the first action in the civil court of record, #58-3352, is res judicata and to allow further actions like these for subsequent payments would be to allow a prohibited splitting of plaintiff's cause of action; that "all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all". Gaynon v. Statum (Fla. 1942), 10 So. 2d 432 (quoted in Mims v. Reid (Fla. 1957), 98 So. 2d 498) ; and (2) that the statute of limitations now defeats any further claim on payments which may be made.

*Res Judicata.* Defendant now adroitly argues the other side of the question from that which it contended in the district court case when it was seeking to uphold the minority view of no recovery without prior payment of the judgment. Neither side now questions the majority rule, that payment is not a prerequisite, any more than is a recovery for medical expenses incurred though not paid. Wessing v. American Indemnity Co. (U.S.D.C., W.D. Mo. 1955), 127 F. Supp. 775; Alabama Farm Bureau Mutual Casualty Ins. Co. Inc. v. Dalrymple (Ala. 1951), 116 So. 2d 924; and others.

If there is to be any reliance upon prior judgments and decrees then recognition must be given to the last district court order from which no appeal was taken, declaring plaintiff's rights in this matter, in which he was there limited to recover those monies *"or any part"* paid by him on the judgment outstanding against him. Some may take issue with the district court holding but defendant did not and the parties became bound by it and it is now res judicata. Restatement of the Law, Judgments, §48 (p. 191) ; §67 (p. 286). Defendant cannot now be heard to ask for a different rule as between the parties in this case. Conceivably, plaintiff could, by paying $10,000 on the excess of the judgment, obtain a transfer to the district court and summarily recover. Orderly judicial administration cannot permit such inconsistent results any more than it can permit the changing of final decrees by invoking a new or inconsistent position in a different court on the same question as done here. Likewise, the actual litigation and determination in the first civil court of record case, of the question of bad faith, merged in that judgment, since affirmed, and is conclusive and res judicata, or constitutes an estoppel by judgment, in the present subsequent actions on the question of liability.

It is argued that by following the findings of the district court multiple suits will arise. This may well be so, depending upon the financial means of the plaintiff, but the time to assert this objection was when the equation was formed as between these par-

ties in the district court, which defendant was happy enough to accept then without appeal. We cannot now be asked to reverse the district court, which is exactly what the holding sought by defendant would mean.

*Splitting of Causes.* The rule against splitting causes of action naturally assumes they exist at the time of filing suit. The district court case settled by declaratory decree that plaintiff's cause of action or actions arise by virtue of his payment or payments upon the judgment as actually made, so that the "cause of action" for payment in the cases at bar, not having been made at the time of the initial action in the civil court of record, did not then exist and the only cause of action which had then matured was the one sued for. The reason behind the rule against splitting causes of action is recited as being necessary to avoid multiplicity of suits. This is within defendant's control and further actions may be avoided at any time by defendant making complete payment under the very rule which it now asserts to be correct, to-wit: that actual payment need not first be made by plaintiff as a condition precedent to recovery.

*Statute of Limitations.* This defense was waived when it was not asserted in the original civil court of record action which decided the issue of liability on the alleged bad faith, and when the first payment on the judgment was sought pursuant to the declared rights of the plaintiff by the district court. The 4-year statute of limitations defendant apparently seeks to apply (§ 95.11 (4) Fla. St.) had run then and should have been asserted, if at all, in that action. It was not, and was thereby waived. The defendant is thereby precluded from asserting such defense when it just now occurs to the defendant or, if it had occurred to defendant, then after it has first laid a trap by not doing so. When liability is first determined on a note, then in a subsequent action to recover a second instalment or subsequently accruing interest, the defendant is precluded by the first judgment of liability from denying execution of the note or raising other defenses which had been necessarily involved in the earlier action. Restatement of the Law, Judgments, § 68 (former adjudication) pp. 293, 295. Such is the case here, it seems to me. Neither is it any different from the recognized practice that a landlord may sue for instalments of rent as they accrue, month by month, if such be the case, without being charged with splitting his cause of action. The "cause of action" in each instance runs from the date the obligation matures or ripens, which here is upon payment being made.

Defendant cites the holding in Wessing v. American Indemnity Co., supra, that plaintiff's cause of action arose when he suffered the excess judgment on May 22, 1953, and that the statute of

limitations thereupon began to run. This may be, except for (1) waiver of the defense as mentioned and (2) the district court decree declaring the rights of the parties applying the minority rule, so that any cause of action here arises only upon payment being made as a prerequisite. These actions are timely under that rule, now res judicata. Restatement of the Law, Judgments, § 67 (former adjudication) p. 289.

Defendant may say that it would thus be liable ad infinitum at the pleasure of the plaintiff. Such is not the case. Plaintiff's right of recovery must of necessity end with the 20-year statute of limitations applying to the excess judgment itself. Defendant can hardly complain of a position which is the same as that in which he is now held to have placed the plaintiff, nor to contend for a better one. The same reasons requiring recognition of the binding effect upon these parties, of the district court ruling, require a consistent holding in regard to the statute of limitations.

There does not therefore appear to be a genuine issue as to any material fact and accordingly plaintiff's motion for summary judgment is hereby granted on the question of liability, defendant's motion for judgment on the pleadings is denied and the court will consider the questions of the amount of damages and attorney's fees upon further proceedings in accordance with law.