PODVIN *v.* EICKHORST.

SAME *v.* GRIFFIN.

SAME *v.* LINDMAN.

SAME *v.* BRANCH.

1. Evidence—Entries Made in the Regular Course of Business.
    Business entries of any act, transaction, occurrence, or event made in the regular course of any business, profession, occupation, and calling of every kind are admissible in evidence as proof of such act, transaction, occurrence, or event, and lack of an entry evidences that there was no such act, transaction, occurrence, or event (CL 1948, § 617.53).

2. Physicians and Surgeons—Malpractice—Hospital Records Made in Regular Course of Business—Evidence of Nonhappening.
    Plaintiff in malpractice case against doctors was entitled to use medical records, made in the regular course of hospital operations, as evidence not only of the happening of events recorded

———————

References for Points in Headnotes
[1] 20 Am Jur, Evidence § 1043.
[2] 26 Am Jur, Hospitals and Asylums § 6.
    Admissibility of hospital chart or other hospital record.   75 ALR 378, 120 ALR 1124.
[3] 53 Am Jur, Trial § 76.
[4] 53 Am Jur, Trial §§ 510, 513, 514.
[5] 41 Am Jur, Physicians and Surgeons § 72.

thereon but also was entitled to rely upon such records as evidence of the nonoccurrence of certain events in the absence of any record thereof (CL 1948, § 617.53; Court Rule No 1, § 3 [1945]).

3. SAME—MALPRACTICE—HOSPITAL RECORDS MADE IN REGULAR COURSE OF BUSINESS—DISPARAGEMENT BY TRIAL JUDGE.

Gratuitous comments, made by trial judge in trial of malpractice action, which so disparaged hospital records made in the regular course of business as to deprive plaintiff of his right to have the jury determine, unaffected by advice from the trial judge, what weight should be given such records *held*, to constitute reversible error (CL 1948, § 617.53).

4. SAME—MALPRACTICE—INSTRUCTIONS—QUESTIONS AT ISSUE.

Error of trial court in failing to give timely requested instruction in malpractice actions against physicians that plaintiff's contributory negligence in causing automobile accident in which he was injured was not in issue and that the only question was whether or not he had been given proper medical care in accordance with the standard of practice in the community was not obviated by instruction that the jury could consider the evidence relating to the accident as bearing upon the nature and extent of his injuries but that such evidence would not modify or lessen the treatment and care he was entitled to receive at the hands of defendants.

5. SAME—MALPRACTICE—ESTABLISHMENT AND TERMINATION OF DOCTOR-PATIENT RELATION—QUESTION FOR JURY—EVIDENCE.

Directed verdict in malpractice action against several physicians in favor of doctor to whom plaintiff had been referred by physicians in city in which automobile accident had occurred but which doctor was not present at hospital for a period of time following transfer and there is some indication that he took over case from interim treating doctor *held*, error, where it was a mixed question of law and fact as to whether the relationship of doctor-patient had been established and, if established, whether or not terminated legally, where such defendant discontinued his connection after encountering 3 people he assumed were related to plaintiff and did not consult plaintiff himself.

Appeal from Genesee; Roth (Stephen J.), J. Submitted December 6, 1963. (Calendar Nos. 134–137, Docket Nos. 49,063–49,066.) Decided June 1, 1964.

Case by Donald H. Podvin against Thomas N. Eickhorst for malpractice in connection with medical treatment at hospital following injury in automobile accident.

Similar actions against Ernest P. Griffin, Jr., Donald R. Bryant, Raymond S. Van Harn, Thomas C. Lindman, Hira E. Branch, and Ralph E. Dawson.

Cases consolidated for trial and on appeal. Directed verdict for defendant Van Harn, and verdict and judgment in consolidated cases for all defendants. Plaintiff appeals. Reversed and remanded for new trial.

*van Benschoten & van Benschoten, Bahls & Mohl,* and *Walter J. Barkey,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* and *James M. Pearson,* for defendants Griffin and Bryant.

*Cline & George* (*Moll, Desenberg, Purdy, Glover & Bayer, of counsel*), for defendants Van Harn, Lindman, Eickhorst, Branch and Dawson.

SOURIS, J. This appeal is from judgments of no cause of action entered on jury verdicts in 4 consolidated cases against 7 doctors in which plaintiff sought damages for injuries he claimed resulted from their medical malpractice. In 1 of the cases, the trial judge instructed the jury to return a verdict in favor of defendant Van Harn.

Plaintiff had been injured in an automobile accident and hospitalized in a Lapeer hospital. His physicians in Lapeer, after determining by X ray that plaintiff's spine was dislocated, transferred him to St. Joseph Hospital in Flint where there was available suitable equipment for the treatment of

such injuries and where surgeons would be available
to perform a laminectomy if necessary. All of the
events upon which plaintiff bases his claims against
defendants occurred following his transfer to St.
Joseph Hospital.

Many claims of error are urged upon us in this
appeal. Several relate to the trial judge's charge to
the jury, including the claim that the court erred
in refusing a request for instruction that plaintiff
was not guilty of contributory negligence; several
relate to his conduct of the trial, specifically his
alleged interference with and restriction upon plain-
tiff's cross-examination of defendants and their wit-
nesses, his restrictions upon the examination of
plaintiff's expert witnesses, and his comments made
in ruling upon objections to plaintiff's attempted use
of hospital records in the examination of medical
witnesses. Plaintiff also asserts as error the trial
judge's direction of a verdict in favor of Dr. Van
Harn on the ground that factual issues had been
framed by the evidence which plaintiff was entitled
to have determined by the jury rather than as a
matter of law by the trial judge. We need consider
only 3 of the claims of error: (1) The trial judge's
comments concerning the probative worth of hospital
records; (2) the refusal of the trial judge to in-
struct the jury, as plaintiff requested that he do,
that the case presented no issue of contributory
negligence; (3) the trial judge's instruction directing
the jury to return a verdict favorable to Dr. Van
Harn.

I.

Plaintiff's case was based in substantial part upon
the theory that the defendants failed to render ade-
quate and timely surgical services to him after his
arrival in St. Joseph Hospital with the consequence
that his condition progressed to the point of near

complete paralysis from the waist to the toes and that defendants negligently failed to perform a laminectomy during the period when such an operation could have prevented paralysis or at least minimized it. As against some of the defendants, plaintiff's claim was that they negligently assumed plaintiff had been paralyzed instantly in the accident and that they negligently failed to discover his progressive paralysis notwithstanding notations upon plaintiff's hospital records from which they could have determined that plaintiff was not paralyzed upon admission to the hospital. As against 1 of the other defendants, plaintiff claimed that he failed to attend the plaintiff adequately during the time plaintiff was under his professional care, plaintiff relying again almost exclusively upon hospital records to prove that that doctor saw plaintiff only twice in the first 6 days of his hospitalization in Flint, an assertion the defendant doctor met only by his own testimony of more frequent attendance upon plaintiff during said period. In these respects and in others plaintiff's case depended squarely upon the weight to be given by the jury to the entries made upon his hospital records. As in many medical malpractice actions, this plaintiff also depended upon the medical records for effective examination of his own expert witnesses, and the probative value of their opinion testimony necessarily depended to a large extent upon the weight the jury gave to the medical records upon which such opinion testimony was based.

CL 1948, § 617.53 (Stat Ann § 27.902),* permitted business entries of any act, transaction, occurrence,

* Currently CLS 1961, § 600.2146 (Stat Ann 1962 Rev § 27A.2146). It read at the time of trial and now reads as follows:

"Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any

or event to be admitted in evidence as proof of such act, transaction, occurrence, or event and it expressly provided that the lack of an entry thereof could be received as evidence that no such act, transaction, occurrence, or event in fact had taken place. Under our practice at the time of the trial of these consolidated cases, as reflected by that statutory provision (by virtue of Court Rule No 1, § 3 [1945]), plaintiff was entitled to use his medical records as evidence not only of the happening of events recorded thereon but he was also entitled to rely upon such records as evidence of the nonoccurrence of certain events in the absence of any record thereof.

Notwithstanding plaintiff's right to use his hospital records in such fashion, the trial judge commented during the course of trial regarding plaintiff's reliance upon hospital records in such fashion that the jury could not escape the belief that where there was conflict between testimonial evidence and the record evidence relied upon by plaintiff, the testimonial evidence should be accepted as true and, further, that the medical records were not of much value because they were merely "what somebody recorded as a fact" as distinguished from actual

officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility. The term 'business' shall include business, profession, occupation and calling of every kind. The lack of an entry regarding any act, transaction, occurrence or event in any writing or record so proved may be received as evidence that no such act, transaction, occurrence or event did, in fact, take place. Any photostatic or photographic reproduction of any such writing or record shall be admissible in evidence in any such trial, hearing or proceeding by order of the court, made within its discretion, upon motion with notice of not less than 4 days. All circumstances of the making of such photostatic or photographic reproduction may be shown upon such trial, hearing or proceeding to affect the weight but not the admissibility of such evidence." .

fact. No useful purpose would be served in setting forth the various comments made by the trial judge in passing upon objections to plaintiff's attempted use of such records. It is sufficient to note only that the gratuitous comments made disparaged the records in the presence of the jury, thereby depriving plaintiff of his right to have the jury determine, unaffected by advice from the trial judge, what weight should be given such records. For such error a new trial must be ordered. See *Loranger* v. *Jageman,* 169 Mich 84.

## II.

None of the parties to this litigation makes any claim that contributory negligence was in issue in the trial. Nonetheless 2 of the defense counsel in their opening statements referred to plaintiff's automobile accident in terms which openly invited the jury to find that his injuries were attributable solely to his own fault. During closing argument of 1 of defendant's counsel, substantial emphasis was placed upon plaintiff's alleged negligence which resulted in the automobile accident. Apparently in an effort to counter the effect of such comment, plaintiff's counsel requested the trial judge to instruct the jury that it should not consider whether or not plaintiff was at fault in causing the automobile accident, that plaintiff's negligence was not an issue in this case for its consideration and that the only question it should consider was whether or not plaintiff had been given proper medical care according to the standard of practice in the community of Flint. The requested charge was not given. Instead, the jury was told by the trial judge that it could consider the evidence relating to the accident as bearing upon the nature and extent of plaintiff's injuries but that such evidence "would in no degree

modify or lessen the treatment and care he was entitled to receive at the hands of the defendants."

Whatever the quoted portion of the instruction given means, it was less than that to which plaintiff was entitled. The issue of contributory negligence was not involved in the case. Plaintiff requested, properly and timely, that the jury be so instructed. The trial judge should have granted plaintiff's request. See *Holbert* v. *Staniak,* 359 Mich 283, and cases cited therein.

### III.

Defendant Van Harn, in whose favor the trial judge directed the jury to return its verdict, was absent from Flint when plaintiff's physicians in Lapeer referred plaintiff to him. Upon plaintiff's arrival at St. Joseph Hospital, by ambulance from Lapeer, the resident physician on duty in the emergency room of the hospital attempted to notify Dr. Van Harn of the admission of his patient. Being unable to locate Van Harn, the resident notified defendant Eickhorst, a staff doctor at the hospital. There is some dispute concerning the frequency of Dr. Eickhorst's attendance upon plaintiff from the time of his admission until Dr. Van Harn's return to the city, but it is not disputed that Eickhorst assumed sole medical responsibility for plaintiff during the interim period.

When Van Harn returned to the city and learned that a patient who had been referred to him from Lapeer was being handled by Dr. Eickhorst, he immediately checked the patient's hospital records, telephoned Eickhorst and, apparently by mutual agreement, took over the case from Eickhorst. Thereupon Van Harn went to plaintiff's room where he encountered 3 people standing in the hallway whom he "assumed" were plaintiff's relatives. When told by them that they did not want him to

serve plaintiff, but preferred instead another of the defendant doctors, Van Harn left without so much as attempting to verify the statements made by discussing the matter with plaintiff himself and without even notifying Eickhorst or discussing the matter with the doctor plaintiff's "relatives" said they wanted.

Such are the facts when viewed favorably to plaintiff. We think they presented a jury issue, the right to jury determination of which was denied plaintiff by the trial judge's direction of a verdict in favor of Van Harn. If a doctor-patient relationship existed at any time between plaintiff and Van Harn it arose as a result of the referral of plaintiff's case to Van Harn by plaintiff's Lapeer physicians. We are not prepared to say on this record, as a matter of law, that the relationship of doctor and patient was not thereby established; nor are we prepared to say on this record, as a matter of law, that such relationship (assuming it had been established) was terminated legally, or even was terminable, by the actions of 3 people Dr. Van Harn only "assumed" were plaintiff's relatives. The issue involved mixed questions of law and fact and should not have been decided as a matter of law only by verdict direction.

For the foregoing errors, the judgments of no cause entered in favor of each of the defendants must be vacated and a new trial ordered. Plaintiff may tax his costs.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, and O'HARA, JJ., concurred with SOURIS, J.

SMITH, J., concurred in result.

ADAMS, J., took no part in the decision of this case.