HANSEN *v.* BATCHELDER

1. TRIAL—REQUESTED INSTRUCTIONS—READING OF STATUTE TO JURY —AUTOMOBILES.

It is not error for a trial judge to refuse to use the exact language of plaintiff's requested instruction, which delineates the rights of vehicles approaching a green light, when the judge reads to the jury, verbatim from the statute, the rights and obligations of those approaching a green signal, and explains the quoted statute.

2. AUTOMOBILES—INTERSECTIONS—GREEN SIGNAL—RIGHT OF WAY.

A vehicle entering an intersection on a green signal must yield the right of way to other vehicles lawfully within intersection, provided the vehicles within the intersection can be seen and recognized as possible sources of peril (CL 1948, § 256.308, as amended by P.A 1966, No 237, § 1).

3. TRIAL—JURY CHARGE—AUTOMOBILE COLLISION—INTERSECTION.

A charge to the jury in a case involving a collision of vehicles at an intersection, indicating that neither an automobile lawfully within an intersection nor a vehicle approaching an intersection on a green signal has an absolute right to proceed, but both

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 542.
8 Am Jur 2d, Automobiles and Highway Traffic § 1019.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 202, 203.
8 Am Jur 2d, Automobiles and Highway Traffic § 736.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1021, 1024.
[4] 53 Am Jur, Trial § 524.
8 Am Jur 2d, Automobiles and Highway Traffic § 1019.
[5] 53 Am Jur, Trial §§ 509, 510.
[6] 53 Am Jur, Trial §§ 512, 516.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 720, 721, 1025.

must exercise due care under the given circumstance, is an acceptable and adequate instruction to inform the jury of the law which should guide their deliberations.

4. SAME—NEGLIGENCE—REFUSAL TO CHARGE.

Refusal to charge as requested by plaintiff that plaintiff could not be guilty of negligence as a matter of law because he failed to anticipate negligent acts by defendant *held*, proper, because such a charge is one-sided and misleading.

5. SAME—INSTRUCTIONS—JURY.

Jury instructions, given by a trial judge, involve the translation of legal rulings into language comprehensible by the jury and directly relevant to the evidentiary facts of the case being tried.

6. SAME—REQUESTED INSTRUCTIONS—THEORY OF THE CASE.

Upon request each party is entitled to have his theory of the case, if supported by the evidence, explained to the jury, provided the requested charge is not one-sided nor argumentative and does not assume the facts in controversy.

7. AUTOMOBILES—ASSURED CLEAR DISTANCE—INSTRUCTIONS TO JURY.

It is not error for the judge to tell a jury in a case involving a collision of vehicles at an intersection, that "You've got to go as fast as you can to be able to stop in the assured clear distance ahead without hitting somebody", when the context of the judge's statement should indicate to reasonably intelligent jurors that a speed is required which would allow a driver to stop his vehicle in assured clear distance ahead.

Appeal from Wayne, Kaufman (Nathan J.), J. Submitted Division 1 January 10, 1968, at Detroit. (Docket No. 3,566.) Decided December 2, 1968.

Complaint by David E. Hansen and Citizens Mutual Automobile Insurance Company, a Michigan corporation, as intervening plaintiff against Charles W. Batchelder, to recover for injuries and property damage sustained from defendant's negligence. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Dee Edwards,* for plaintiff Hansen.

*Conklin & Maloney,* for plaintiff Citizens Mutual Automobile Insurance Company.

*Ralph, Selby, Webber, Dickinson & Shaw* (*Edmond P. Arbour,* of counsel), for defendant.

LEVIN, J. Plaintiff appeals a jury verdict of no cause for action and from a denial of his motion for a new trial. The claimed errors relate to the judge's charge to the jury.

An automobile operated by the defendant struck one operated by the plaintiff at the intersection of Grand River avenue and Oakman boulevard in northwest Detroit, Michigan. Grand River is 7 lanes wide, 3 lanes outbound from and 3 lanes inbound toward downtown Detroit, Michigan. The accident occurred during the morning rush hours and the center lane was being used by inbound traffic heading downtown.

Plaintiff was driving south on Oakman and stopped for a red light at Grand River. When the light changed he crossed the 3 northerly, outbound lanes of Grand River. He testified that he could not complete crossing Grand River because his passage was blocked by an automobile inbound on Grand River that came through on the amber light and stopped in front of him in the most northerly inbound lane. That automobile was caused so to stop and was unable to proceed through the intersection because of stalled rush-hour traffic.

When the light again turned green for Grand River traffic, the automobile blocking plaintiff was able to proceed. But now the light had turned red for the plaintiff stranded in the middle of Grand River. The plaintiff testified that before he started

up again across the morning rush-hour inbound lanes he observed that Grand River traffic to his right remained stationary even though the light had turned green for Grand River and that thereupon he "crept" at 3–5 miles per hour across the 3 most northerly of the 4 inbound lanes. Plaintiff's automobile was then struck by the defendant's automobile which was traveling in the Grand River lane nearest the curb.

The defendant contradicted the plaintiff's assertion that the intersection of Grand River and Oakman was clear except for plaintiff's automobile when the plaintiff started to "creep" across the 4 inbound lanes. The defendant claimed that the 3 most northerly inbound lanes were clogged solid with traffic with just enough room for 1 car to come through. Defendant testified that he was following a bus in the lane nearest the curb when he struck the plaintiff.

The plaintiff asserts that the trial judge erred when he failed to give the following request to charge:

"While, generally speaking, the vehicle approaching a green light has the right-of-way, this rule is not absolute but is subject to the exception that through traffic must yield the right-of-way to other vehicles lawfully within the intersection. I charge you, further, that a driver proceeding on a green light has the duty to see that the intersection is clear before entering it."

The second sentence of the foregoing request to charge in essence repeats the concept set forth in the first sentence, namely, a driver proceeding on a green light must yield the right-of-way to other vehicles already lawfully within the intersection. The trial judge so charged. He read verbatim from

the portion of the statute concerning the rights and obligations of those facing a green signal:

"But vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited." MCLA § 257.612(a) (Stat Ann 1968 Rev § 9.2312[a]).

He explained that the quoted language means that:

"when you approach a green light—and it is up to you to determine whether either one of them entered the intersection on a green light or proceeded through the intersection on a red light— you have a right to proceed until you see or should see something prohibiting you from proceeding, and then you no longer have the right to proceed."

If, as the defendant claimed, the intersection of Oakman boulevard and Grand River was clogged solid, the defendant was not obliged to refrain from entering that intersection until all the stalled traffic in the lane in which he was traveling and all the other lanes had cleared the intersection. The statutory requirement that one entering an intersection on a green signal yield the right-of-way to other vehicles lawfully within the intersection contemplates a more usual situation where traffic is moving normally and the automobile to which the automobile approaching on a green signal is required to yield can be seen and recognized as a possible source of peril. *Cf. McGuire v. Rabout* (1958), 354 Mich 230, 236.

Whether the intersection was clear or clogged was in dispute. According to the plaintiff's testimony, his passage across the street was blocked by one automobile and he was only able to proceed after that automobile was itself able to proceed.

There was still another stationary vehicle, a truck, in the intersection to the left of plaintiff's line of travel against which plaintiff's vehicle was impacted after the defendant's vehicle struck the plaintiff's vehicle. That truck was still stopped in traffic at the time of the collision despite the fact that according to plaintiff's testimony the light had turned green for Grand River traffic and no additional Grand River traffic had entered the intersection other than the defendant's vehicle.

The trial judge achieved the correct emphasis when he told the jury that even one approaching a green light does not have an absolute right to proceed, that if he sees something prohibiting him from proceeding he no longer has a right to proceed.

Just as the defendant had no absolute right to proceed, neither did the plaintiff even if lawfully within the intersection. Both were required to exercise due care under the circumstances. We think the charge adequately informed the jury of the law which should guide their deliberations, and that the trial judge achieved an acceptable balance when he charged.

Nor was the plaintiff entitled to have the following request to charge given:

"With reference to the claim of contributory negligence, if you find that plaintiff simply failed to anticipate negligent acts on the part of the defendant of an unlawful nature, then plaintiff is not guilty of contributory negligence as a matter of law. No one is required to anticipate an unlawful act. Stated in another way, if you find the plaintiff was lawfully in the intersection and then if you find plaintiff was proceeding on the assumption that on-coming traffic would not enter the intersection until it was clear, and would yield the right-of-way to him, you cannot find him guilty of contributory negligence as a matter of law for proceeding on

such an assumption. The plaintiff had the right to rely on other motorists to obey the laws of the road."

We agree with the trial judge that if he gave such a charge he would have been obliged to relate the asserted right to rely on other motorists obeying the rules of the road to the issue of the defendant's alleged negligence as well as the issue of plaintiff's alleged contributory negligence. The trial judge did not err in refusing to give the one-sided request to charge posed by the plaintiff. A trial judge may refuse a request to charge that would be misleading if given. *Howland* v. *Local Union 306 UAW–CIO* (1951), 331 Mich 644, 650; *Kehrig* v. *Peters* (1879), 41 Mich 475, 481.

Jury instructions need to be fashioned to the facts of the particular case. It is the task of the trial judge to translate "legal rulings, cast in the law's shorthand abstractions, into language comprehensible by the jury and directly relevant to the evidentiary facts of the case being tried." *In re Wood Estate* (1965), 374 Mich 278, 292.

While each party if he so requests, which the plaintiff did not, is entitled to have his theory of the case, if supported by evidence, explained to the jury,[1] "trial judges must guard against one-sided or argumentative requests to charge and must avoid requested instructions which assume or take as established those facts which the parties, by their proofs, have placed in controversy." *Washburn* v. *Lucas* (1964), 373 Mich 610, 620.

---

[1] *Snyder* v. *United Benefit Life Insurance Company* (1963), 371 Mich 36; *Camden Fire Insurance Company* v. *Kaminski* (1958), 352 Mich 507, 511; *Schattilly* v. *Yonker* (1957), 347 Mich 660; *Gapske v. Hatch* (1957), 347 Mich 648, 658. See, also, 2 Honigman & Hawkins, Michigan Court Rules Annotated, 2d ed 562, authors' comments to GCR 1963, 516.

In context the judge's statement to the jury: "You've got to go as fast as you can to be able to stop in the assured clear distance ahead without having an accident or hitting somebody" should have been understood by reasonably intelligent jurors as requiring a speed no greater than that which would allow defendant to stop his car in the assured clear distance ahead.[2]

Affirmed. Costs to appellee.

T. G. Kavanagh, P. J., and Beer, J., concurred.

---

[2] Earlier the trial judge told the jury "that speed depends on the circumstances in the case at that time and in that place" and that a driver is not justified in driving the posted speed limit if driving conditions are such that to do so might prevent him from stopping "within the assured clear distance necessary to stop."

And in the sentence preceding "You've got to go as fast as you can", the judge said, "as far as speed is concerned you should go at that amount of speed which enables you to stop within the assured clear distance ahead."