SAWKA v PROKOPOWYCZ

Docket No. 78-5296, 45238. Submitted November 7, 1980, at Detroit.—
    Decided April 7, 1981. Leave to appeal applied for.

Jurij Sawka died from lung cancer. Jaroslaw Sawka, administra-
    tor of the estate of Jurij Sawka, and Maria Sawka brought an
    action in Wayne Circuit Court against Dr. Vladimir Prokopow-
    ycz, the deceased's doctor, Dr. Heung Ki Kim, the radiologist
    who took and interpreted certain x-rays of the deceased prior to
    deceased's death, and North Detroit General Hospital, the
    hospital at which the x-rays were taken, alleging medical
    malpractice in the failure to discover and treat the lung cancer.
    North Detroit General Hospital brought an action against Dr.
    Kim seeking indemnification for any judgment, costs and attor-
    ney fees incurred as a result of the Sawka action. At the jury
    trial, Charles Kaufman, J., presiding, the defendants were
    permitted to produce evidence that subsequent to the x-ray
    examination which plaintiffs alleged should have revealed the
    cancerous lung the deceased continued to smoke contrary to
    medical advice and the deceased failed to return for follow-up
    examinations as instructed. The theory of the defense was that
    the deceased was negligent in failing to follow the medical
    advice to quit smoking and return for a follow-up examination
    and that such negligence contributed to the deceased's death.
    The trial court instructed the jury that the defendants had the
    duty to show that such negligence was a proximate contribut-
    ing cause of the injuries and refused to give plaintiffs' re-
    quested instruction that the only question was whether or not
    the deceased received proper medical care. The jury returned a
    verdict of no cause of action in favor of all defendants.

Subsequent to the jury verdict of no cause of action, defen-
    dant hospital filed a motion to tax costs or for summary
    judgment against Dr. Kim, seeking to recover its costs and
    attorney fees by way of indemnification. The trial court denied
    the hospital's motion.

Plaintiffs appealed from the jury's verdict and judgment of

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity § 36.
[2] 58 Am Jur 2d, New Trial § 127.

no cause of action. The hospital appealed from the denial of its motion to recover costs and attorney fees from Dr. Kim. The appeals were consolidated for consideration. *Held:*

1. The trial court properly denied the motion for indemnification of the costs and attorney fees incurred by the hospital in its defense of plaintiffs' action. While the plaintiffs alleged liability of the hospital on the basis of the hospital's vicarious liability for the actions of the doctor, the plaintiffs also alleged independent liability on the part of the hospital. The hospital was accordingly required to appear and defend itself on the basis other than merely its vicarious liability for the acts of the doctor. Under such circumstances the hospital has no right to indemnification for the costs and attorney fees associated with the defense of plaintiffs' claims.

2. The deceased's failure to quit smoking or return for follow-up examinations did not give rise to a valid defense of contributory negligence to the plaintiffs' claims of malpractice, since the alleged acts of contributory negligence occurred subsequent to the alleged acts constituting the malpractice. Since the trial court's instructions to the jury could have left the jury with the impression that the deceased's subsequent acts could be considered in determining the defendants' liability, a retrial is mandated.

Affirmed in part; reversed in part.

1. INDEMNITY — COSTS — ATTORNEY FEES — VICARIOUS LIABILITY — INDEPENDENT LIABILITY.

An award of costs and attorney fees associated with the defense of a medical malpractice action is not warranted on the basis of a claim for indemnification by one defendant to the principal action against another defendant to the principal action where the principal plaintiff's claim against the principal defendant seeking indemnification alleges both independent and vicarious liability and a verdict of no cause of action is returned as to all defendants to the principal action, since under such circumstances the necessity to defend in the principal action by the defendant seeking indemnification did not arise solely out of that defendant's vicarious liability for the actions of the defendant from whom indemnification was sought.

2. TORTS — MALPRACTICE — EVIDENCE — SUBSEQUENT ACTS — PROXIMATE CAUSE.

A new trial is mandated where the defendants in a medical malpractice case based upon the failure to diagnose a plaintiff's decedent's lung cancer were permitted to submit evidence of

the fact that subsequent to the alleged act of malpractice the plaintiff's decedent failed to return for a requested follow-up examination and continued smoking despite warnings to stop, the jury was instructed that it was the defendant's claim that the plaintiff's decedent was negligent by reason of the failure to heed the medical advice and that such negligence was a proximate contributing cause of his injuries, and the court failed to instruct that such subsequent actions and inactions by plaintiff's decedent could not be considered in determining the question of the defendant's liability.

*Shrauger & Dunn, P.C.,* for plaintiffs.

*Sullivan, Ranger, Ward & Bone, P.C.,* for Dr. Prokopowycz.

*Moll, Desenberg, Bayer & Behrendt,* for Dr. Kim.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *John E. McSorley),* for North Detroit General Hospital.

Before: M. F. CAVANAGH, P.J., and D. F. WALSH and D. C. RILEY, JJ.

M. F. CAVANAGH, P.J. These appeals are companion cases which result from the malpractice action filed by the plaintiffs. Plaintiffs' original complaint named only Dr. Prokopowycz as defendant. Plaintiffs' amended complaint named North Detroit General Hospital, Dr. Vladimir Prokopowycz and Dr. Heung Ki Kim as defendants. North Detroit General Hospital filed a cross-claim against Dr. Kim seeking indemnity from Dr. Kim in the event that the hospital was found liable to principal plaintiff Sawka. The hospital filed a motion for summary judgment as to both principal plaintiff Sawka and codefendant Kim. The circuit court granted a "conditional summary judgment"

in favor of the hospital and against Dr. Kim on the hospital's cross-complaint in the event the hospital was found liable to plaintiff Sawka.

After the jury verdict of no cause of action in favor of all three defendants, the hospital filed a motion for taxation of costs or for summary judgment against Dr. Kim, seeking to recover its costs and attorney fees by way of indemnification. The trial court entered an order denying the hospital's motion for recovery of such fees and costs. It is from this order that the hospital appeals.

The plaintiffs' complaint alleged that Dr. Vladimir Prokopowycz, North Detroit General Hospital, and Dr. Heung Ki Kim were guilty of medical malpractice in their treatment of plaintiffs' decedent for lung cancer. In September, 1972, Dr. Prokopowycz, a general practitioner, ordered an x-ray of the decedent's lungs as a part of an annual physical examination required to enable the decedent to obtain a barber's license. The deceased had the x-ray taken at the defendant hospital. Dr. Prokopowycz testified that he did not feel qualified in 1972 to read x-rays. An x-ray report was received from Dr. Kim, a radiologist employed by a private corporation leasing facilities and operating out of North Detroit General Hospital. The report indicated that nothing "alarming" was found in the x-ray.

At trial, Dr. Kim compared an x-ray taken of the decedent's lung in 1974 with the 1972 x-ray which forms the basis of this suit. It was Dr. Kim's opinion that a "tumor mass" was apparent in the 1974 x-ray but, in comparison, no cancerous condition was revealed in the 1972 x-ray.

Dr. Prokopowycz testified that his customary practice in 1972 was to tell a patient with such an x-ray result as the decedent's that there was no

cause for alarm but that he should come back for further investigation. The testimony of several of the plaintiffs' experts indicated that the prevailing standards of medical practice in 1972 would have required a more thorough medical history and the performance of an additional physical examination.

After presentation of the plaintiffs' case, each of the three defendants moved for a directed verdict, and the court took these motions under advisement.

Expert witnesses for the defendants testified that the report of Dr. Kim concerning the 1972 x-ray was within the range of customary practice of radiologists in 1972, as was Dr. Kim's recommendation for a follow-up examination. Three experts testified that the 1972 x-ray did not indicate the presence of a tumor mass, and one expert stated that the tumor visible in the 1974 x-ray could not have been there any more than six months.

The jury returned a verdict of no cause of action in favor of all three defendants and the plaintiff appeals.

## I. The Hospital's Cross-Claim Against Defendant Kim

Regarding defendant hospital's cross-claim for indemnification from Dr. Kim, we find that no indemnification for the costs and attorney fees is warranted in this case. Generally, indemnity is available to a party who faces vicarious liability for the negligent act of another. *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972), 41 Am Jur 2d, Indemnity, § 20, p 706.

We decline to address the issue of whether an indemnitee who has received a verdict of no cause

of action against the principal plaintiff is responsible for costs and attorney fees when the *only* allegations of liability on the indemnitee's part are for vicarious liability. Here, the hospital had to appear to defend a direct medical malpractice claim against itself for negligence in employing an allegedly incompetent doctor, as well as to present a defense to the vicarious liability claim. Therefore, even though the hospital requested Dr. Kim to defend against the principal suit, and there were at issue allegations that the hospital was vicariously liable, the necessity for the hospital to defend the claim based upon its direct negligence precludes recovery from codefendant Dr. Kim of costs and attorney fees in the same action. The hospital was not required to appear and offer a defense in the principal suit only because of an outstanding vicarious liability claim, rather, the hospital also had to appear to defend the claim made against it which alleged direct negligence on its part. Indemnification is not proper in this case because the claims made by the principal plaintiff against the hospital were not purely vicarious. It was not until all parties had rested that the trial court ruled that there was no evidence to establish the hospital's independent negligence. The order granting conditional summary judgment in the hospital's favor cannot be viewed as a basis for taxation of costs and attorney fees. The language of the order only allowed for taxing of costs if the hospital was held vicariously liable. This was not the determination when the jury returned the verdict in favor of all defendants. Therefore, the hospital is not entitled to recover costs and attorney fees from Dr. Kim.

## II. The Deceased's Alleged Contributory Negligence

Plaintiffs allege that reversible error occurred

when the trial court allowed the defendants to introduce testimony which indicated plaintiffs' decedent smoked.

The essence of this case is grounded in malpractice. To that end, plaintiffs maintain that smoking should not be considered a proximate cause of the alleged malpractice which would form the basis of the defendants' liability resulting from the failure to diagnose lung cancer. The jurors were asked on voir dire if they smoked and whether that would influence their decision in the case. Five of the eight-member jury panel did smoke. All the jurors agreed that they would "let no sympathy influence [their] verdict in the case". There were brief references throughout the trial to the fact that the decedent smoked. Counsel for defendant Prokopowycz moved for a directed verdict based on contributory negligence of the deceased and his failure to follow the instructions to return for a follow-up examination. Counsel for defendant hospital joined that motion regarding contributory negligence. The court ruled regarding that motion as follows:

"As to the contributory negligence, I am satisfied that that's a jury question. I will deny that."

The law in Michigan is well settled on when a party is entitled to have its theory of the case instructed to the jury.

"Each party is entitled to have his theory of the case, if supported by evidence, explained to the jury. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 562. Such instructions, however, should not be given where there is (1) no evidence to support them, or (2) where such instructions take or assume as estab-

lished 'those facts which the parties, by their proofs, have placed in controversy'. *Hansen v Batchelder,* 14 Mich App 627, 633; 165 NW2d 886, 889 (1968)." *Cryderman v Soo Line R Co,* 78 Mich App 465, 471; 260 NW2d 135 (1977), *lv den* 402 Mich 867 (1978).

Although the decedent's smoking cannot logically be termed a direct contributory cause of the defendants' alleged malpractice, courts of other jurisdictions have held that a patient's conduct *after* an alleged incident of malpractice may be considered in the jury's determination of damages after it has been determined that the defendant has acted negligently. In *Sanderson v Moline,* 7 Wash App 439, 443; 499 P2d 1281 (1972), that court held that a plaintiff's termination of treatment with a defendant doctor and possible concomitant deterioration of her condition until she resumed treatment with another doctor was "merely a factor to be taken into consideration by the jury in establishing damages once they determined defendant was liable and not one that relieved the defendant of liability for damage up to the time of the discontinuance of treatment".

The Minnesota Supreme Court similarly held:

"Contributory negligence has been recognized as a defense in a number of malpractice cases in other jurisdictions. The defense has been recognized in cases in which the patient has (1) failed to follow the doctor's or nurse's instructions; or (2) refused suggested treatment; or (3) given the doctor false, incomplete, or misleading information concerning symptoms. * * *

"Both courts and textwriters have emphasized, however, that the availability of a contributory negligence defense in a malpractice case is limited because of the disparity in medical knowledge between the patient and his doctor and because of the patient's right to rely on the doctor's knowledge and skill in the course of medical treatment. * * * It has also been suggested that the

patient's neglect of his own health after negligent treatment may be a factor in reducing damages, but should not bar all recovery." (Footnotes omitted.) *Martineau v Nelson,* 311 Minn 92, 101-102; 247 NW2d 409 (1976).

It was the main thrust of these defendants' case that the deceased was negligent in that he failed to return for a follow-up examination and continued to smoke cigarettes after warnings to stop.

The activity which forms the basis of the plaintiffs' complaint is the failure to diagnose. The injury for which compensation is sought is the patient's death. The defendants maintain that the deceased's conduct contributed to the injury.

The question this Court is asked to determine is whether it was error for the trial court to instruct the jury, after allowing evidence to be introduced to support the claim, that the decedent's smoking and failure to return for follow-up examinations could be determined by the jury to be contributory negligence.

The trial court instructed the jury that the defendants' burden on the claim of the deceased's negligence was to show "that such negligence was a proximate *contributing cause* of the injuries to the plaintiff". (Emphasis supplied.)

The Supreme Court in *Podvin v Eickhorst,* 373 Mich 175; 128 NW2d 523 (1964), a medical malpractice case, found error where the trial court refused the plaintiff's requested instruction that the only issue was whether or not the plaintiff had received proper medical care. There had been "substantial emphasis on contributory negligence" in the defendant's closing argument where it was alleged that the plaintiff was negligent in causing the automobile accident in which he was injured.

In the present case the trial court's instructions did not inform the jury that contributory negli-

gence was not to be considered in ascertaining the defendants' liability in the malpractice action. Rather, the instructions, combined with the admission of evidence as to the deceased's failure to return for follow-up examinations and continued smoking, may have given the jury the impression that such conduct by the deceased was properly considered in determining the defendants' liability.[1]

Because of the possibility that the jury erroneously considered the deceased's smoking and failure to return for further examinations as contributory negligence and a factor in determining whether an action in malpractice existed, we must reverse. We find no merit in the remaining assertions of error.

Reversed and remanded for a new trial. Costs to plaintiffs.

---

[1] We express no opinion as to the propriety of an instruction which would allow the jury to consider a defense of contributory negligence in regards to setting damages once liability has been fixed. We note that, although such a use of the defense may be available in other jurisdictions, the circumstances wherein such an instruction would be appropriate would occur infrequently.